644 P.2d 286

**STATE of Arizona, Respondent,**

v.

**Leonard L. McFORD II, Petitioner.**

**No. 1 CA–CR 5470 PR.**

Court of Appeals of Arizona,
Division 1, Department B.

March 25, 1982.

Rehearing Denied April 22, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., and John G. Verkamp, Coconino County Atty., Phoenix, for respondent. ·

Leonard L. McFord, II, Flagstaff, in pro. per.

## OPINION

RICHARD M. DAVIS, Judge, Pro Tem.

Petitioner McFord entered a plea of guilty to a charge of second degree murder on May 4, 1976. The plea was entered pursuant to a plea agreement which included the following provisions:

> The defendant understands that by entering into this agreement and pleading guilty as provided for herein, he will be giving up and waiving any and all motions, defenses, objections or requests which he has made or raised, or which he could assert hereafter, to the Court's entry of judgment against him and imposition of a sentence upon him, and he understands that by pleading guilty he will be giving up his right to a trial by jury, to confront, cross-examine, and compel the attendance of witnesses, his privilege against self-incrimination, and his right to court appointed counsel.

> The defendant admits that there is a substantial possibility that he would be convicted of 1st Degree Murder should he proceed to trial and is therefore entering his plea of guilty to 2nd Degree Murder pursuant to this plea agreement.

Petitioner's conviction and sentence were affirmed and denial of his first petition for postconviction relief was sustained in *State v. McFord*, 115 Ariz. 246, 564 P.2d 935 (App. 1977). Petitioner has subsequently filed a series of Rule 32 petitions, all of which have been either dismissed or denied. Petitioner's plea agreement and the trial court's denial of his fourth and fifth petitions based upon allegations of newly discovered evidence were sustained in *State v. McFord*, 125 Ariz. 377, 609 P.2d 1077 (1980). Petitioner now seeks review of the trial court's summary dismissal of his seventh petition.

Petitioner asserts that his latest petition should not have been dismissed in view of the fact that the State's response was late; that the decision in *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), indicates that his plea was coerced; and that the firm which represents indigents charged with criminal offenses in Coconino County is underfinanced and rendered ineffective assistance.

We have considered petitioner's assertions. Viewed in proper perspective, none have colorable merit. Petitioner's plea agreement has been previously upheld in thoughtful decisions by the trial court and this court.

Petitioner's attention is directed to the provisions of Rule 32.10 of the Rules of Criminal Procedure, 17 A.R.S.Rule 32 is designed to accommodate the unusual situation where justice ran its course and yet went awry. Its purpose is abused by the filing of multiple petitions presenting fanciful theories about rights which at this point must realistically be viewed as long since foregone. Rule 32 does not destroy the basic principle of finality in criminal proceedings.

The petition was properly dismissed. Review has been granted; relief is denied.

JACOBSON, P. J., and GRANT, J., concur.

NOTE: The Honorable Richard M. Davis, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.