IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JAN 27 2012

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,           )
                                )
                  Respondent,   )     2 CA-CR 2011-0252-PR
                                )     DEPARTMENT A
        v.                      )
                                )     O P I N I O N
DANIEL DIAZ,                    )
                                )
                  Petitioner.   )
                                )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR200700013

Honorable Charles A. Irwin, Judge

REVIEW GRANTED; RELIEF DENIED

Paul J. Mattern                                    Phoenix
                                         Attorney for Petitioner

E C K E R S T R O M, Presiding Judge.

**¶1** Petitioner Daniel Diaz seeks review of the trial court's order dismissing his post-conviction relief proceeding, initiated pursuant to Rule 32, Ariz. R. Crim. P. We will not disturb a trial court's ruling denying post-conviction relief absent a clear abuse of discretion. *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). Diaz has not sustained his burden of establishing such abuse here.

**¶2** Following a jury trial, Diaz was convicted of possession of a dangerous drug for sale and sentenced to an aggravated term of twenty-five years' imprisonment. This court affirmed his conviction, but remanded the case for resentencing. *State v. Diaz*, 222 Ariz. 188, ¶ 1, 213 P.3d 337, 338 (App. 2009), *vacated in part*, 224 Ariz. 322, 230 P.3d 705 (2010). After accepting the state's petition for review, our supreme court vacated the portion of our decision addressing Diaz's sentence and affirmed his sentence as originally imposed. *Diaz*, 224 Ariz. 322, ¶ 18, 230 P.3d at 708.

**¶3** On the same day he filed his notice of appeal, Diaz also filed his first notice of post-conviction relief. The trial court stayed that proceeding until June 2010, after the issuance of our supreme court's mandate. Appointed counsel in that proceeding, Kelly Smith, sought numerous extensions of Rule 32's deadlines and, after granting several extensions, the court ultimately dismissed the proceeding with prejudice. Diaz petitioned this court for review, and we granted review, but denied relief. *State v. Diaz*, No. 2 CA-CR 2010-0300-PR, ¶ 9 (memorandum decision filed Jan. 21, 2011).

2

**¶4** Diaz, represented by new court-appointed counsel, initiated another post-conviction proceeding in February 2011.[1] On May 25, 2011, Diaz's new counsel, Paul Mattern, filed a motion requesting an extension of time to file the petition for post-conviction relief, citing serious family problems. The trial court granted the motion, giving counsel until July 11 to file the petition. On July 25, counsel again filed a motion to extend the time to file the petition, and the court granted the motion, allowing counsel to file the petition by August 22 and stating, "No further extensions will be granted." On August 26, counsel filed a third motion to extend time for an additional seven days, asking that the court set the due date for the petition for September 1. On September 8, 2011, the court denied the motion, noting in its ruling that no petition had yet been filed and that approximately 200 days had passed since the filing of the notice. The court thus found "no extraordinary circumstances beyond those which [had] served as the basis of the first two extensions."

**¶5** On review, Mattern addresses only the trial court's ruling denying attorney Smith's motion to extend time and discusses only Smith's conduct. Because this court has already denied relief on his claim related to Smith's conduct, *see Diaz*, No. 2 CA-CR 2010-0300-PR, Diaz is not entitled to challenge it again. The issues relating to that petition and attorney Smith's requests for time extensions were finally adjudicated in the previous Rule 32 proceeding, and they are precluded. *See* Ariz. R. Crim. P. 32.2(a)(2).

---

[1]The trial court's ruling states that Diaz's "new counsel filed his second Notice of Post-Conviction Relief" on February 14, 2011. That document, however, is not included in the record before us.

3

¶6          Mattern failed to present any argument as to why the trial court's September 2011 ruling denying his most recent motion to extend time and dismissing this proceeding was an abuse of discretion. Any such argument is therefore waived. *See* Ariz. R. Crim. P. 32.9(c)(1) (petition for review shall contain "the reasons why the petition should be granted" and "specific references to the record"). Accordingly, we must deny relief.

¶7          In so doing, we do not overlook the procedural injustice to Diaz. Through no fault of his own, most of his conceivable challenges to his conviction and sentence through post-conviction proceedings, under our Rules of Criminal Procedure, forever will be precluded.[2] *See* Ariz. R. Crim. P. 32.2(a)(3) (defendant precluded from post-

---

[2]Although counsels' failures have made it difficult to ascertain exactly what claims Diaz would have presented had he been allowed to file a petition, a copy of the petition for post-conviction relief Smith apparently attempted to file in Diaz's first Rule 32 proceeding is included in the appendix to the petition for review in this proceeding. In that petition, Smith raised only one claim—that trial counsel had been ineffective in failing to advise Diaz properly as to the possible penalty he faced if convicted. Pursuant to *State v. Donald*, "a defendant may state a claim for post-conviction relief on the basis that counsel's ineffective assistance led the defendant to make an uninformed decision to reject a plea bargain and proceed to trial." 198 Ariz. 406, ¶ 14, 10 P.3d 1193, 1200 (App. 2000). In providing the advice necessary to allow a defendant to make an informed decision, counsel should advise a defendant of the consequences should he or she be convicted. *See id.* ¶¶ 14, 17-19.

Here, the state offered Diaz a fifteen-year plea agreement during trial. It then became clear that while Diaz's counsel believed Diaz faced a maximum sentence of fifteen years, the state believed he would face a longer sentence. The trial court declined to take a position on the matter, but expressly advised Diaz: "[I]t's the state's position that if convicted you would be facing a maximum sentence of 28 years. Your attorney doesn't agree with that . . . [and] is still of the opinion that . . . 15 years is the maximum amount." Diaz stated that he understood. Thus, although Diaz's counsel advised him he faced fifteen years' imprisonment if convicted, Diaz was aware he could face as many as twenty-eight years. *Cf. id.* ¶ 14 (defendant may state claim for relief when "counsel's

4

conviction relief based on any ground waived "in any previous collateral proceeding"); Ariz. R. Crim. P. 32.2 cmt. (failure of counsel to raise claim in post-conviction proceeding waives most claims of trial error regardless of whether claim knowingly, voluntarily, and intelligently waived by defendant).

¶8            Although Rule 32.2(b) provides exceptions to the preclusion rule for certain types of claims upon a meritorious showing as to why such claims were not raised in a prior petition, those types of claims are very limited. *See* Ariz. R. Crim. P. 32.2(b) (creating exception for claims specified in Rule 32.1(d) through (h); limited to claims arising from newly discovered evidence, clear and convincing evidence of actual innocence, significant change in law, or defendant being held in custody past completion of sentence). There is no exception for claims of ineffective assistance of trial counsel— the primary species of claim reserved for post-conviction proceedings and the specific type of claim Diaz sought to raise in his first post-conviction proceeding. Thus, Diaz's procedural right to pursue relief in the post-conviction process has been impaired substantially by the inability of two attorneys, neither of his choosing, to file even one petition in a reasonably timely manner. There is no evidence in the record before us that Diaz impeded either attorney in any respect or in any way was complicit with either counsel's tardiness in filing.

---

ineffective assistance led [him] to make an uninformed decision to reject a plea bargain"). On the limited record before us, and given that this court agreed with defense counsel's position before being reversed by the supreme court, we are skeptical the trial court would conclude trial counsel's performance was deficient. But it is a claim Diaz should have been entitled to present in post-conviction proceedings.

¶9 We cannot fault the trial court for ultimately concluding, after granting numerous continuances, that the respective attorneys had failed to describe sufficiently "extraordinary" circumstances to compel further patience in awaiting the filing of Diaz's respective petitions. But our trial courts possess other potential methods of sanctioning dilatory counsel which could have been employed here—including contempt of court proceedings, replacing counsel with another attorney, and alerting the pertinent authorities that counsel no longer should be appointed to such cases. *See, e.g.*, A.R.S. § 12-864; Ariz. R. Crim. P. 33.1; *cf.* Ariz. R. Crim. P. 6.5(c) ("All criminal appointments shall be made in a manner fair and equitable to the members of the bar, taking into account the skill likely to be required in handling a particular case."). In the future, we would encourage courts to consider such alternatives before dismissing post-conviction proceedings under the circumstances here and to avoid sanctions which punish only litigants who have played no role whatsoever in the delays.

¶10 At this stage, Rule 32 provides no procedural avenue by which we may restore to Diaz an opportunity to litigate the full range of post-conviction claims available had his petition been timely filed. In Rule 32.1(f), our supreme court has anticipated and addressed a cousin of the dilemma we face, therein restoring post-conviction rights to those defendants who, through no fault of their own, have failed to file a timely notice of post-conviction relief in an "of right" proceeding. Unfortunately, that rule makes no

similar provision for defendants like Diaz who share no culpability in the untimely filing of their first post-conviction petitions.[3]

¶11        For the foregoing reasons, although we grant review, we have no basis on which to grant Diaz the opportunity to pursue his full post-conviction remedies and thereby remedy the injustice here. "Rule 32 'is designed to accommodate the unusual situation where justice ran its course and yet went awry.'" *State v. Carriger*, 143 Ariz. 142, 146, 692 P.2d 991, 995 (1984), *quoting State v. McFord*, 132 Ariz. 132, 133, 644 P.2d 286, 287 (App. 1982). This case presents such a situation, but unfortunately Rule 32 provides no means by which we may correct its course.

¶12        We have a duty, however, to refer the two attorneys who represented Diaz in his two post-conviction proceedings to the State Bar of Arizona for potential discipline. We also, by separate order, will set a hearing for counsel of record for Diaz to show cause why he should not be held in contempt of this court for his apparent lack of candor in failing to address his own untimely actions at the trial court level—the only actions pertinent to the petition for review he filed on Diaz's behalf. We also appoint new counsel for Diaz to file any petition seeking the Arizona Supreme Court's review of this decision.

---

[3]Because defendants are often provided court-appointed counsel upon the filing of their first notice for post-conviction relief, the supreme court may have assumed in promulgating the rule that presumptively competent counsel would reliably abide by the rule's time limits and the reasonable extensions granted by the trial court for filing the petition, and any failure to file timely usually would arise from the conduct of the defendants themselves.

¶13        In sum, although we grant review of Diaz's petition, we reluctantly deny relief.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge