IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Respondent,*

*v.*

DANIEL DIAZ,
*Petitioner,*

No. CR-14-0063-PR
Filed December 30, 2014

Appeal from the Superior Court in Cochise County
The Honorable Charles A. Irwin, Judge
No. CR-200700013
**VACATED AND REMANDED**

Memorandum Decision of the Court of Appeals, Division Two
No. 2 CA-CR 2013-0387-PR
**VACATED**

COUNSEL:

Thomas C. Horne, Arizona Attorney General, Robert L. Ellman, Solicitor General, Joseph T. Maziarz, Section Chief Counsel, Criminal Appeals Section, Phoenix, Jonathan Bass, Assistant Attorney General, Tucson; Barbara LaWall, Pima County Attorney, Jacob R. Lines (argued), Deputy County Attorney, Tucson, for State of Arizona

Emily Danies, Attorney at Law, (argued) Tucson, for Daniel Diaz

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER and JUSTICES BERCH and BRUTINEL joined.

JUSTICE TIMMER, opinion of the Court:

¶1          A criminal defendant cannot obtain post-conviction relief based on a ground that has been waived in a prior post-conviction relief proceeding. Ariz. R. Crim. P. 32.2(a)(3). Under the unusual facts of this

case, Daniel Diaz did not waive his ineffective assistance of trial counsel claim when, through no fault of Diaz's, his counsel failed to file petitions in two prior post-conviction relief proceedings.

## I. BACKGROUND

**¶2** Before his 2007 conviction for possession of methamphetamine for sale, Diaz rejected two plea offers to stipulate, respectively, to prison terms of nine or fifteen years, after his trial attorney advised him that his presumptive sentence would be ten years and his maximum sentence would be fifteen years. The superior court ultimately sentenced Diaz to an aggravated prison term of twenty-five years, and this Court affirmed Diaz's conviction and sentence. *State v. Diaz*, 224 Ariz. 322, 323 ¶ 3, 325 ¶ 18, 230 P.3d 705, 706, 708 (2010).

**¶3** Diaz filed a notice of post-conviction relief ("PCR"), but the trial court dismissed the proceeding with prejudice after his new attorney failed to timely file a petition, despite receiving several extensions of the filing deadline. The court of appeals granted review but denied relief. *State v. Diaz*, 2 CA-CR 2010-0300-PR, at *1 ¶ 1 (Ariz. App. Jan. 21, 2011) (mem. decision).

**¶4** Diaz filed a second PCR notice through a different attorney. As in the initial PCR proceeding, the trial court dismissed the matter with prejudice when Diaz's attorney failed to file a petition after obtaining several extensions of time. The court of appeals granted review but denied relief, although it acknowledged the procedural injustice to Diaz and referred both PCR attorneys to the State Bar of Arizona for potential discipline. *State v. Diaz,* 228 Ariz. 541, 542 ¶ 1, 543 ¶ 7, 545 ¶ 12, 269 P.3d 717, 718, 719, 721 (App. 2012).

**¶5** After Diaz initiated his third PCR proceeding, a third PCR attorney timely filed Diaz's first PCR petition, which alleged that trial counsel's ineffective assistance led Diaz to reject the State's plea offers and proceed to trial. The trial court summarily denied the petition after finding that Diaz's ineffective assistance of counsel ("IAC") claim was precluded because the claim had been both waived and finally adjudicated on the merits in a prior PCR proceeding. *See* Ariz. R. Crim. P. 32.2(a) (listing grounds for preclusion). The court of appeals granted review but denied relief, reasoning that Diaz waived his claim pursuant to Rule 32.2(a)(3).

*State v. Diaz*, 2 CA-CR 2013-0387-PR, at *2 ¶¶ 6–7 (Ariz. App. Feb. 13, 2014) (mem. decision).

**¶6**        We granted review to decide an important issue of law concerning waiver in Rule 32 proceedings. We have jurisdiction pursuant to Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24.

## II.        DISCUSSION

**¶7**        Rule 32.2(a)(3) precludes defendants from relief "based upon any ground . . . waived . . . in any previous collateral proceeding." *See also* A.R.S. § 13-4232(B) (same). The state must prove waiver by a preponderance of the evidence. Ariz. R. Crim. P. 32.2(c). We review the interpretation and application of Rule 32.2(a)(3) de novo as an issue of law. *See State v. Gutierrez*, 229 Ariz. 573, 576–77 ¶ 19, 278 P.3d 1276, 1279–80 (2012).

**¶8**        PCR counsel can waive most claims of trial error on the defendant's behalf by failing to assert them in a PCR petition. *Stewart v. Smith*, 202 Ariz. 446, 449 ¶ 9, 46 P.3d 1067, 1070 (2002). If the claim is of "sufficient constitutional magnitude," however, the state must prove that the defendant knowingly, voluntarily, and intelligently waived the claim. *Id*. at 449–50 ¶¶ 9–10, 46 P.3d at 1070–71; *see also* Ariz. R. Crim. P. 32.2, cmt. ("[S]ome issues not raised . . . in a previous collateral proceeding may be deemed waived without considering the defendant's personal knowledge, unless such knowledge is specifically required to waive the constitutional right involved.").

**¶9**        Whether a defendant must personally waive an IAC claim to warrant preclusion under Rule 32.2(a)(3) depends on the particular right implicated by the allegedly ineffective representation. *Stewart*, 202 Ariz. at 450 ¶ 12, 46 P.3d at 1071. The defendant must personally waive an IAC claim only if the attorney's alleged defective performance affected a right of sufficient constitutional magnitude. *Id*.; *State v. Swoopes*, 216 Ariz. 390, 399 ¶ 28, 166 P.3d 945, 954 (App. 2007) ("[T]o avoid preclusion, a defendant must show a constitutional right is implicated, one that can only be waived by a defendant personally."). The IAC claim here does not implicate such a right because defendants do not have a constitutional right to a plea bargain. *See Rivera-Longoria v. Slayton*, 228 Ariz. 156, 158 ¶ 10, 264 P.3d 866, 868 (2011).

**¶10** Nevertheless, as the State commendably acknowledged at oral argument in this Court, this case presents unusual circumstances that compel a conclusion that Diaz did not waive his IAC claim.[1] Although defendants have a constitutional right to appeal, Ariz. Const. art. 2, § 24, they may not present an IAC claim until the first PCR proceeding, *State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002). This is not a case in which a defendant fails to timely file a pro per PCR petition after PCR counsel filed a notice stating that counsel could not find any meritorious claims. Rather, despite Diaz's efforts to assert an IAC claim, he was deprived of that opportunity through no fault of his own. He timely filed a notice of PCR to raise an IAC claim, but his former PCR attorneys failed to file a petition to enable adjudication of the claim. *Cf. Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11, 115 P.3d 1261, 1263 (2005) (noting that a PCR petition triggers consideration of PCR claims and related discovery requests).

**¶11** The petition filed by Diaz's current counsel was the first PCR petition filed on Diaz's behalf. Because Diaz timely filed a notice of PCR seeking to assert an IAC claim, and he was blameless regarding his former attorneys' failures to file an initial PCR petition, we will not deem his IAC claim waived pursuant to Rule 32.2(a)(3). *Cf.* Ariz. R. Crim. P. 1.2 (requiring construction of rules "to secure . . . fairness in administration . . . and to protect the fundamental rights of the individual while preserving the public welfare.").

**¶12** Our holding in this peculiar scenario does not frustrate Rule 32's preclusion provisions. Preclusion is designed to "require a defendant to raise all known claims for relief in a single petition," *State v. Petty*, 225 Ariz. 369, 373 ¶ 11, 238 P.3d 637, 641 (App. 2010) (citation and internal quotation marks omitted), and thereby "prevent endless or nearly endless reviews of the same case in the same trial court," *Stewart*, 202 Ariz. at 450 ¶ 11, 46 P.3d at 1071. Permitting Diaz to file his first petition to assert an IAC claim under the circumstances here will not result in repeated review of the IAC claim; it would result in its first review. Once the petition is adjudicated, and assuming that Diaz does not obtain relief, this and all

---

[1] The procedural unfairness here could have been avoided by the trial court had it chosen to sanction Diaz's former PCR attorneys rather than dismiss the PCR proceedings. We encourage trial courts to fashion remedies for defense counsel's failures to follow time deadlines in a way that does not punish a blameless defendant.

other claims that Diaz might have brought will be precluded and Diaz will not be able to raise them in a successive petition. *Cf. id.* ("If the merits were to be examined on each petition, Rule 32.2 would have little preclusive effect and its purpose would be defeated.").

**¶13** In sum, because former counsel failed to file any petition in Diaz's previous PCR proceedings and those failures were not Diaz's fault, he did not waive his IAC claim. The trial court therefore erred by dismissing Diaz's PCR petition pursuant to Rule 32.2(a)(3). In addition, because, through no fault on Diaz's part, the trial court did not adjudicate the merits of the IAC claim in a previous PCR proceeding and the merits could not have been adjudicated absent a petition, the court erred by alternatively precluding the petition pursuant to Rule 32.2(a)(2).

### III. CONCLUSION

**¶14** We vacate the court of appeals' decision, vacate the trial court's order, and remand the case to the trial court for further proceedings consistent with this opinion.