IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Respondent*,

*v.*

DARREN IRVING GOLDIN,
*Petitioner*.

No. 2 CA-CR 2015-0208-PR
Filed December 22, 2015

---

Petition for Review from the Superior Court in Pima County
No. CR20101551001
The Honorable Paul E. Tang, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART**

---

COUNSEL

Mark Brnovich, Arizona Attorney General
Kimberly H. Ortiz, Section Chief Counsel, Tucson
By Nicholas Klingerman, Assistant Attorney General, Tucson
*Counsel for Respondent*

Law Office of Paul S. Banales, Tucson
By Paul S. Banales
*Counsel for Petitioner*

## OPINION

Presiding Judge Howard authored the opinion of the Court, in which Judge Vásquez and Judge Brammer[1] concurred.

H O W A R D, Presiding Judge:

**¶1**  In this petition for review, Darren Goldin challenges the trial court's order denying his petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., after an evidentiary hearing, and finding his claim of ineffective assistance of counsel (IAC) precluded. Based on our supreme court's decision in *State v. Diaz*, 236 Ariz. 361, 340 P.3d 1069 (2014), and the unique circumstances of this case, we grant relief in part, remanding this matter to the trial court to determine whether Goldin is entitled to relief pursuant to Rule 32.1(f) and, if so, to allow Goldin to present his IAC claim in a timely post-conviction proceeding.

### Procedural History

**¶2**  Goldin was charged by indictment with first-degree murder, committed in March 2000.  Pursuant to a plea agreement, he pled guilty to second-degree murder.  The plea agreement stipulated Goldin would be sentenced to a prison term of eleven years, to be served consecutively to another prison term he began serving in Maricopa County Superior Court No. CR-00-092448B in September 2005.  During the change-of-plea hearing, when the trial court explained to Goldin the sentence was consecutive, trial counsel Thomas Hippert interjected that the sentence "goes back to the time

---

[1]The Hon. J. William Brammer, Jr., a retired judge of this court, is called back to active duty to serve on this case pursuant to orders of this court and our supreme court.

of his arraignment," and "it does run from I think May of 2010."[2] The court did not pursue the issue further.

¶3        At the sentencing hearing on January 31, 2013, the parties submitted an addendum to the plea agreement, which stated: "Pursuant to A.R.S. § 13-712(b) and ARCP Rule 26.10(4), the parties stipulate that the Court shall order that Defendant's pretrial incarceration dating from his Arraignment on June 15, 2010 be credited against his sentence of imprisonment . . . ."  The trial court sentenced Goldin to the eleven-year prison term, and granted him 988 days of presentence incarceration credit.  In imposing that term, the court confirmed the sentence was consecutive to the sentence in the Maricopa County case, but added, "which, as the parties have indicated on the record today, by stipulation, that date is to start to commence from June 15, 2010.  At this point, I understand that the presentence report author has calculated 988 days."

¶4        A year later, on February 10, 2014, Goldin filed a pro se notice of post-conviction relief.  On the form notice, he checked the space to reflect he was not asserting a claim of ineffective assistance of counsel.  He also requested that Hippert and Raymond Panzarella, the second attorney who had represented him, be appointed in the post-conviction proceeding.  In the paragraph pertaining to an untimely notice, however, the form required Goldin to specify whether he intended to raise a claim pursuant to Rule 32.1(d), (e), (f), (g) or (h); Goldin did not check the space indicating "yes" or "no."  The trial court dismissed the notice as untimely, noting Goldin had "failed to indicate in his Notice that an exception to a timely Notice applied.  Ariz. R. Crim. P. 32.2(b)." *See* Ariz. R. Crim. P. 32.4(a) (notice of post-conviction relief must be filed within ninety days of sentencing).

¶5        On February 27, Goldin filed a form petition for post-conviction relief, in propria persona, in which he stated he wished to assert a claim pursuant to Rule 32.1(c).  He also filed a motion to clarify his sentence.  The state filed its response to the petition and motion on March 13.  On March 19, the trial court entered an order

---

[2]The actual date of Goldin's arraignment was June 15, 2010.

stating it lacked "jurisdiction to address the Petition" and the accompanying memorandum because the untimely notice with which it was associated had been dismissed and no new notice of post-conviction relief had been filed. Goldin did not seek review of that ruling.

¶6          On April 16, 2014, Goldin filed a second pro se notice of post-conviction relief. In that notice he stated he was asserting a claim of IAC and requested the appointment of counsel. He also indicated that he was raising claims of newly discovered material facts and that failure to file a timely notice of post-conviction relief was without fault on his part. Goldin asserted in the notice that Hippert and Panzarella had told him his sentence would commence in 2010 but he had learned it commences in 2016.

¶7          The trial court appointed Paul Banales to represent Goldin. In a petition Banales filed in October 2014, Goldin asserted that, based on erroneous assurances from Hippert and Panzarella, he had believed his sentence "would start to run as of May of 2010." Goldin relied, in part, on Hippert's statements during the change-of-plea hearing and correspondence with Hippert, who confirmed he had understood the sentence would "start" in May or June of 2010. Goldin argued he recently had learned of a discrepancy between his understanding of when his sentence commenced and what the Arizona Department of Corrections (DOC) had told him, which was, according to Goldin, that the sentence "would not start to run until September of 2013."

¶8          The state argued in its response to the petition that the IAC claim was precluded because Goldin had not raised it in the first post-conviction proceeding and, alternatively, the claim was untimely. *See* Ariz. R. Crim. P. 32.2(a)(3), 32.4(a). The state also argued that no claim had been or could be raised pursuant to Rule 32.1(e) or (f), refuting the merits of such claims had they been raised; the state argued, too, that Goldin had asserted no meritorious reason for failing to raise such claims in the initial proceeding or in a timely manner. *See* Ariz. R. Crim. P. 32.2(b) (requiring defendant attempting to raise claim under Rule 32.1(d), (e), (f), (g) and (h) in successive or untimely proceeding to establish meritorious reasons why not raised in timely or previous proceeding).

¶9          In his reply, Goldin again asserted he had misunderstood his sentence because of the ineffectiveness of his attorneys, and explained he had failed to raise the IAC claim in a timely or previous proceeding because he only recently had learned he had such a claim.  He then argued he was entitled to relief based on newly discovered evidence pursuant to Rule 32.1(e) both as an independent claim and interrelated with the IAC claim.[3]  Goldin concluded in his reply, "Whether Defendant's claim is based on IAC, or newly-discovered evidence, there are those exceptional cases which deserve post-conviction consideration, even if the defendant failed to raise IAC in his first Rule 32 Notice."

¶10          Over the state's objection, the trial court set the matter for an evidentiary hearing.  A DOC employee in the Time Computation Unit testified at that hearing that Goldin's Maricopa County sentence would be completed in June 2016, and the consecutive sentence in this case then would commence.  He explained that to apply 988 days' credit to the eleven-year sentence, the sentence-commencement date essentially is back-dated so that it would, for time-calculation purposes, begin January 31, 2013, and would be completed on September 17, 2024.

¶11          Hippert and Panzarella testified that although the plea agreement provided and the trial court had imposed a consecutive prison term, they had believed Goldin essentially would begin serving his sentence from the time of his arraignment in 2010 because of the nearly three years' presentence incarceration credit.  Both attorneys believed this was the import and intent of the addendum to the plea agreement.  And, they testified, this is what they had told Goldin.[4]

---

[3] Goldin also argued, as an independent claim, that the sentence was illegal because he was entitled to the credit by statute; he has since expressly abandoned that claim.

[4] In this regard, Hippert testified, "So if I made a mistake, that's what Mr. Goldin was told."  Panzarella testified he and Hippert told Goldin that even though he had agreed to the

¶12 Goldin testified consistently with Hippert and Panzarella about what they had told him. He conceded he had stipulated to a consecutive prison term and neither the plea agreement nor the addendum stated he would begin serving his sentence in May or June of 2010, although he believed the sentence, in effect, would be partially concurrent because of the presentence incarceration credit. He testified further that, had he known he would not begin serving the eleven-year term until June 2016, and would have to serve eight more years, not five, after receiving the three years' credit, he would not have accepted the plea agreement.

¶13 Goldin also testified he did not recognize an issue with his sentence until he sought transfer to minimum security, which required a calculation of the amount of time remaining on both prison terms. When he wrote to Hippert telling him what DOC had told him, Hippert said he should "write a Rule 32" about DOC's miscalculation of his sentence.[5] Goldin explained that this advice caused him to file the first notice of post-conviction relief, followed by a petition and motion for clarification of the sentence. He testified that it was not until the state filed its response that he realized DOC had not miscalculated the sentence, but that his attorneys had given him incorrect information. At that time, he filed the second notice and petition raising the IAC claim. After taking the matter under advisement, the trial court denied Goldin's petition. This petition for review followed.

---

consecutive prison term, he would begin serving his prison term in this case in June 2010 because of the three years' credit.

[5]Goldin attached to his Rule 32 petition an undated letter from Hippert responding to Goldin's inquiry about the sentence in light of DOC's calculations. In that letter, Hippert stated the eleven-year sentence began in June 2010, that Goldin only had five more years to serve after the term on the other case ended, and the sentence in this case would end in 2021. Hippert directed Goldin to file a "rule 32 yourself back to the sentencing judge . . . as to miscalculation of time served."

**Discussion**

**¶14**      In his petition for review, Goldin argues the trial court erred by finding precluded his IAC claim based on newly discovered evidence.  But IAC claims fall under Rule 32.1(a).  *See, e.g., State v. Petty*, 225 Ariz. 369, ¶ 11, 238 P.3d 637, 641 (App. 2010); Ariz. R. Crim. P. 32.1(a) cmt. (acknowledging ineffective-assistance-of-counsel claims fall under this subsection).  As a claim that falls under Rule 32.1(a), Goldin's IAC claim had to be raised in a timely notice, that is, within ninety days of sentencing; Goldin's first notice, filed over a year after he was sentenced, clearly was untimely, unless excused.  *See* Ariz. R. Crim. P. 32.4(a).  Furthermore, IAC claims may not be raised in a successive proceeding.  *See State v. Swoopes*, 216 Ariz. 390, ¶¶ 23-24, 166 P.3d 945, 952-53 (App. 2007); *see also State v. Spreitz*, 202 Ariz. 1, ¶ 4, 39 P.3d 525, 526 (2002) ("Our basic rule is that where ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.").

**¶15**      Neither the plain language of the rule nor case law interpreting it prior to *Diaz* supports Goldin's suggestion that because of his attorneys' ineffectiveness, his newly discovered IAC claim should be excepted from the preclusive effect of Rule 32.2 and 32.4.  Based solely on the rule, the trial court did not abuse its discretion in finding the IAC claim precluded.  *See Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d at 948 (appellate court will not disturb ruling in post-conviction proceeding absent clear abuse of discretion).

**¶16**      Nevertheless, in its draft decision provided to the parties before oral argument, this court suggested the supreme court's recent decision in *Diaz* could be applicable to Goldin's case.[6]

---

[6]Although Goldin did not raise *Diaz* below or here, that case was published after his second petition was filed.  *Diaz*, 236 Ariz. 361, 340 P.3d 1069.  And because the state received the draft decision prior to oral argument, it was given the opportunity, which it took, to argue and provide legal authority to support its proposition that *Diaz* is inapplicable to this case.  *See State v. Ortiz*, No. 2 CA-CR 2014-0330, ¶ 71, 2015 WL 6143128 (Ariz. Ct. App. Oct. 16, 2015)

In *Diaz*, the defendant's first and second notices of post-conviction relief were dismissed after different appointed counsel in both proceedings failed to file a petition despite having been granted several extensions to do so. 236 Ariz. 361, ¶¶ 3-4, 340 P.3d at 1070. The trial court found the IAC claim Diaz raised in his third post-conviction proceeding had been waived and was precluded, based on the clear language of the rule and existing case law. We agreed on review. *Id*. ¶ 5.

¶17        Our supreme court accepted Diaz's petition for review "to decide an important issue of law concerning waiver in Rule 32 proceedings." *Id*. ¶ 6. The court noted that Diaz's first Rule 32 notice was filed timely. *Id*. ¶ 11. It also acknowledged that a defendant is precluded from raising a claim waived by his failure to raise it in a previous post-conviction proceeding. *Id*. ¶ 1. But, the court concluded, "Under the unusual facts of this case, Daniel Diaz did not waive his ineffective assistance of trial counsel claim when, through no fault of Diaz's, his counsel failed to file petitions in two prior post-conviction relief proceedings." *Id*.

¶18        The supreme court reasoned that its "holding in this peculiar scenario does not frustrate Rule 32's preclusion provisions[, which] . . . 'require a defendant to raise all known claims for relief in a single petition.'" *Id*. ¶ 12, *quoting Petty*, 225 Ariz. 369, ¶ 11, 238 P.3d at 641. The purpose of preclusion, the court observed, is to "'prevent endless or nearly endless reviews of the same case in the same trial court.'" *Id*., *quoting Stewart v. Smith*, 202 Ariz. 446, ¶ 11, 46 P.3d 1067, 1071 (2002). The court concluded, "Permitting Diaz to file his first petition to assert an IAC claim under the circumstances here will not result in repeated review of the IAC claim; it would result in its first review." *Id*.

¶19        The state contended during oral argument that the reasoning and holding in *Diaz* could completely undermine the rules of preclusion if not strictly confined to very unusual cases. However, the rule of law requires that "similarly situated litigants

─────────────────────────────

(addressing issue not briefed when opposing party had opportunity to address it at oral argument).

should be treated the same." *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 540 (1991); *see also Am. Trucking Assns., Inc. v. Smith*, 496 U.S. 167, 214 (1990) ("The Court has no . . . authority . . . to disregard current law or treat similarly situated litigants differently."); *In re Fulton*, 211 B.R. 247, 256 (Bankr. S.D. Ohio 1997) ("The very idea of law connotes the same treatment for similarly situated persons for indistinguishable factual situations."); *Gaines v. State,* 998 P.2d 166, 173 (Nev. 2000) ("The Equal Protection Clause of the Fourteenth Amendment mandates that all persons similarly situated receive like treatment under the law."). This principle of equality is a "fundamental component of *stare decisis* and the rule of law generally," and prevents a court "from pick[ing] and choos[ing] among similarly situated defendants . . . who alone will receive the benefit of a 'new' rule." *James B. Beam Distilling Co.*, 501 U.S. at 537-38, *quoting Desist v. United States*, 394 U.S. 244, 258-59 (1969) (Harlan, J., dissenting). Indeed, the "'[d]ifferent treatment of two cases is justified under our Constitution only when the cases differ in some respect relevant to the different treatment.'" *Griffith v. Kentucky*, 479 U.S. 314, 327 (1987), *quoting Michigan v. Payne*, 412 U.S. 47, 60 (1973) (Marshall, J., dissenting). Therefore, we must determine whether Goldin's situation is sufficiently similar to Diaz's to merit applying *Diaz*'s reasoning to him.

¶20 The record establishes that both of Goldin's attorneys misinformed him concerning the functional length of his sentence, rendering ineffective assistance. The prosecuting attorney also contributed to the confusion. And, because of the improper advice, the trial court's colloquy at the change-of-plea hearing, which followed the standard outline, was inadequate to properly inform Goldin of the true effect of the sentencing provisions. *See* Ariz. R. Crim. P. 17.2(b). Accordingly, based on this record, he pled guilty without understanding the sentence being imposed. Ariz. R. Crim. P. 17.1(b) (plea must be made intelligently and voluntarily); *see also State v. Cordova*, 105 Ariz. 597, 598, 469 P.2d 82, 83 (1970) ("due process requires a plea of guilty to be made voluntarily and with understanding"); *cf. State v. Lamas*, 143 Ariz. 564, 567, 694 P.2d 1178, 1181 (1985) (plea could not be made voluntarily or intelligently where trial court failed to fully inform defendant of all conditions surrounding sentence).

**¶21** Later, when Goldin told one of his attorneys that DOC was miscalculating his sentence, that attorney told him to file a Rule 32 notice. But a miscalculation by DOC, without more, would not be grounds for relief under Rule 32. *See* Ariz. R. Crim. P. 32.1(d) & cmt. (post-conviction relief for miscalculated sentence only available when petitioner would have been released already but for alleged error); *see also State v. Davis*, 148 Ariz. 62, 64, 712 P.2d 975, 977 (App. 1985) (challenges to DOC time computation not cognizable under Rule 32 "unless they result in the defendant remaining in custody when he should otherwise be free"). And the attorney did not inform Goldin that he would have to justify his untimely filing under Rule 32.1(d)–(h).

**¶22** When Goldin discovered that the problem was not a DOC error, he filed his second notice and petition, arguing he had received ineffective assistance. The trial court held an evidentiary hearing during which the true facts concerning Goldin's attorneys' inadequate advice were revealed for the first time.

**¶23** Based on *Diaz*, we cannot conclude that any of Goldin's actions or inaction could be construed as a waiver of his Rule 32 rights. Rather, just as in *Diaz*, Goldin was "blameless" and allowing his claim to move forward would result in a "first review," not repeated review. 236 Ariz. 361, ¶¶ 11-12, 340 P.3d at 1071.

**¶24** However, in *Diaz*, our supreme court noted the petitioner had filed his first notice in a timely manner, and the ensuing problems stemmed from his attorneys' failures to file an initial petition. *Id.* ¶ 11. Here, Goldin had ninety days to file his first Rule 32 notice but did not file it until a year after he had been sentenced. *See* Ariz. R. Crim. P. 32.4(a). The state argues Goldin failed to file his notice in a timely fashion and that the time limits are jurisdictional under A.R.S. § 13-4234(G), which states that an untimely notice "shall be dismissed with prejudice."

**¶25** However, Rule 32.1(f) provides that a notice may be considered timely if "[t]he defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed

time was without fault on the defendant's part"[7] *See also* A.R.S. § 13-4231(6) (defendant may institute post-conviction proceeding if the "failure to appeal from the judgment or sentence, or both, within the prescribed time was without fault on his part."); *Osterkamp v. Browning*, 226 Ariz. 485, ¶ 24, 250 P.3d 551, 557 (App. 2011) (pleading defendant's first Rule 32 proceeding equivalent of non-pleading defendant's appeal); *State v. Pruett,* 185 Ariz. 128, 130-31, 912 P.2d 1357, 1359-60 (App. 1995). But, as the state argued, the trial court was not asked to consider Rule 32.1(f) and did not do so. Therefore, we remand to the trial court for that determination.

## Disposition

**¶26**        As we observed in *State v. Rosales*, 205 Ariz. 86, ¶ 12, 66 P.3d 1263, 1267 (App. 2003), "The preclusion rules exist to prevent multiple post-conviction reviews, not to prevent review entirely." And, "Rule 32 'is designed to accommodate the unusual situation where justice ran its course and yet went awry.'" *State v. Carriger*, 143 Ariz. 142, 146, 692 P.2d 991, 995 (1984), *quoting State v. McFord*, 132 Ariz. 132, 133, 644 P.2d 286, 287 (App. 1982). Such a situation exists here. Based on the unusual circumstances of this case and given our supreme court's decision in *Diaz,* we are compelled to grant Goldin's petition for review and grant relief, in part. We remand this matter to the trial court so that it may determine whether Goldin's initial post-conviction proceeding may be regarded as timely filed pursuant to Rule 32.1(f) and, if so, to permit him to present the IAC claim as though it had been raised in a timely commenced, of-right proceeding. The issues on the merits having been briefed and an evidentiary hearing having been conducted, the court may determine on the existing record whether the apparently deficient performance by Goldin's attorneys was prejudicial, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), or it may conduct any further proceedings necessary.

---

[7]Notably, relief under Rule 32.1(f) was not available to Diaz because he was a non-pleading defendant. *State v. Diaz*, 228 Ariz. 541, ¶ 2, 269 P.3d 717, 718 (App. 2012); *see* Ariz. R. Crim. P. 32.1(f).