NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DUANE LEE THREADGILL, *Petitioner*.

No. 1 CA-CR 23-0220 PRPC

FILED 11-09-2023

Petition for Review from the Superior Court in Maricopa County
No. CR2016-002129-001
The Honorable Sam J. Myers, Judge
The Honorable Susan M. Brnovich, Judge (retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Duane Lee Threadgill, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

**¶1** Duane Lee Threadgill petitions for review of the superior court's order denying his successive notice of post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32. We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** A jury convicted Threadgill of two counts of kidnapping, two counts of armed robbery, burglary in the first degree, and possession or use of narcotics. The superior court sentenced Threadgill to concurrent and consecutive sentences totaling 25 years, with presentence incarceration credit. This court affirmed the convictions and sentences. *State v. Threadgill*, 1 CA-CR 18-0842, 2020 WL 5908964, at *1, ¶ 1 (Ariz. App. Oct. 6, 2020) (mem. decision).

**¶3** Threadgill petitioned for PCR. Although Threadgill's PCR notice suggested he was raising claims under Rules 32.1(a), (b), (c), (d), (e), and (h), he only argued Rule 32.1(a) claims in his petition. *See* Ariz. R. Crim. P. 32.1(a) (grounds for relief include "the defendant's conviction was obtained . . . in violation of the United States or Arizona constitutions"). Threadgill asserted that his counsel was ineffective by depriving him of the opportunity to accept a plea agreement and that the State committed misconduct by failing to disclose exculpatory evidence. The superior court found that Threadgill "failed to state a claim for which relief can be granted" and dismissed the PCR proceeding. Threadgill did not seek a review of the decision.

**¶4** In April 2023, Threadgill submitted his second PCR notice and again raised Rule 32.1(a) claims. He conceded the notice was not timely but asserted it was not his fault because "PCR counsel refused to raise claims that should've and could've been raised in [the] first PCR petition." He cited *Martinez v. Ryan*, 566 U.S. 1 (2012), for support. Threadgill also raised a Rule 32.1(h) claim in his notice, stating that no reasonable juror

could find him guilty beyond a reasonable doubt. He certified that he had raised the claim "within a reasonable time."

¶5        The superior court dismissed Threadgill's PCR notice. First, the court rejected Threadgill's justification for the successive notice. The court explained that Threadgill "provide[d] no relevant facts apart from blaming Rule 32 counsel for not raising certain claims," and he failed to "cite any legal authority for applying [the no fault] rule in a second Rule 32 proceeding."

¶6        The superior court also addressed the merits of the claims. For Threadgill's claim that his PCR counsel was ineffective, the court reasoned "[i]t is settled law . . . that [Threadgill] has no cognizable ineffective assistance claim against prior Rule 32 counsel." It rejected Threadgill's reliance on *Martinez v. Ryan*, noting the case applied only to federal habeas review. *See State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶¶ 5-6 (App. 2013); *Martinez*, 566 U.S. at 14-17. And Rule 32.2(a) precluded relief on the ineffective trial counsel claims. Finally, the court stated it would not address Threadgill's innocence claim under Rule 32.1(h) because Threadgill failed to provide facts supporting his claim for relief in a successive Rule 32 proceeding.

¶7        Threadgill petitioned for this court's review. We have jurisdiction under A.R.S. § 13-4239 and Rule 33.16(a)(1).

## DISCUSSION

¶8        We review the superior court's decision to deny post-conviction relief for an abuse of discretion, and we will affirm the superior court if the decision "is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015). Threadgill argues the superior court erred by finding that his ineffective PCR counsel claim was insufficient cause for bringing other Rule 32.1(a) claims. We affirm the superior court's decision.

¶9        A defendant may raise additional claims in a successive PCR proceeding if those claims are not precluded. *See generally* Ariz. R. Crim. P. 32.2. But a defendant ordinarily waives Rule 32.1(a) claims that could have been raised in "any previous post-conviction proceeding[.]" Ariz. R. Crim. P. 32.2(a)(3). Threadgill acknowledged that his PCR notice was successive but claimed it was not his fault because his counsel failed to raise certain arguments in his first PCR petition. Threadgill timely filed his first PCR notice and received a merit ruling on his Rule 32.1(a) claims. *Cf. State v. Diaz*, 236 Ariz. 361, 363, ¶¶ 10-12 (2014) (The defendant's claims were not

precluded because he was not at fault for his attorney's failure to file an initial PCR petition. But after adjudication of the initial petition, future claims the defendant could have brought were precluded.). And Threadgill did not specify which Rule 32.1(a) claims his counsel failed to bring in the first PCR.

¶10          In any event, the superior court correctly noted that Threadgill was precluded from re-arguing the ineffective assistance of trial counsel claim that the court adjudicated in his first PCR. *See* Ariz. R. Crim. P. 32.2(a)(2); *see also State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4 (2002) ("[W]here ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.") (Emphasis omitted.). And Threadgill has no cognizable claim for ineffective assistance of PCR counsel. *See State v. Mata*, 185 Ariz. 319, 336-37 (1996); *Escareno-Meraz*, 232 Ariz. at 587, ¶ 4 ("Non-pleading defendants . . . have no constitutional right to counsel in post-conviction proceedings . . . [and] a claim that Rule 32 counsel was ineffective is not a cognizable ground for relief in a subsequent Rule 32 proceeding.").

¶11          Threadgill cannot rely on *Martinez v. Ryan*. He claims he did not assert ineffective PCR counsel as an independent ground to overturn his conviction but rather to show cause for his failure to comply with the PCR procedural requirements. In *Martinez*, the U.S. Supreme Court held that a procedural default in a state collateral proceeding will not bar a federal habeas court from hearing a claim of ineffective assistance of trial counsel "if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. Although *Martinez* might support Threadgill's claim if he sought relief in federal court, "*Martinez* does not alter established Arizona law." *Escareno-Meraz*, 232 Ariz. at 587, ¶ 6; *see also State v. Evans*, 252 Ariz. 590, 597, ¶ 25 (App. 2022) (*Martinez* applies to federal habeas actions and does not entitle a defendant to raise precluded state claims.). The superior court did not err by rejecting Threadgill's reliance on *Martinez*.

¶12          Nor did the superior court err by rejecting Threadgill's Rule 32.1(h) claim. When a defendant raises a Rule 32.1(h) claim in a successive PCR notice, he must explain why he did not raise it in a previous notice or petition. Ariz. R. Crim. P. 32.2(b). The court may dismiss the PCR notice if it does not provide sufficient reasons for the defendant's previous failure to raise the claim. *Id.*

¶13 In Threadgill's successive PCR notice, he raised a Rule 32.1(h) claim but did not explain why he failed to raise it in his first PCR petition. *See* Ariz. R. Crim. P. 32.2(b). Threadgill argues, and we acknowledge, that the previous PCR notice form did not provide space for him to explain why he failed to raise the claim in his first PCR petition.[1] Even so, Rule 32.2(b) unambiguously requires that a defendant explain the reasons for not arguing his claim previously. Ariz. R. Crim. P. 32.2(b). Because Threadgill did not provide such an explanation, the superior court was within its discretion to dismiss the PCR notice. *Id.* If Threadgill has evidence of his actual innocence, he may present it in his next PCR petition and explain that the court's form misled him and why he is raising it late. *See State v. Reed*, 252 Ariz. 236, 239, ¶¶ 13-14 (App. 2021) (A defendant can raise an actual innocence claim under the "within a reasonable time" standard in a successive PCR petition because the passage of time alone does not preclude relief.).

## CONCLUSION

¶14 We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   TM

---

[1] On August 30, 2023, Arizona Supreme Court Administrative Order No. 2023-140 amended Form 24(b) "to provide a space for defendants filing a successive Notice Requesting Post-Conviction Relief to explain why the claim was not raised in a previous notice or petition." *See* Ariz. R. Crim. P. 41, Form 24(b).