NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TOAN SY LE, *Petitioner*.

No. 1 CA-CR 25-0443 PRPC

FILED 04-23-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2001-095348
The Honorable Jeffrey A. Rueter, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Law Office of Daniel Huynh, PLC, Phoenix
By Daniel M. Huynh
*Counsel for Petitioner*

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

¶1            Toan Le seeks review of the superior court's order summarily dismissing his petition for post-conviction relief ("PCR"), filed under Arizona Rule of Criminal Procedure ("Rule") 33.[1]  We grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2            In February 2002, Le pled guilty to solicitation to sell a dangerous drug, a class 4 felony.  The superior court sentenced him to two months' incarceration and placed him on three years' probation.  In 2007, Le moved to expunge his criminal record, stating he made a mistake, learned his lesson, and recently got married and wanted to become an American citizen.  At the hearing on his motion, the court confirmed Le had fully paid his fees and fines, and the State withdrew its objection to his motion. The court vacated Le's judgment of guilt and dismissed the charges against him, informing him that he could not "state that he has not been convicted of a felony unless he also disclose[d] the order vacating judgment."

¶3            In 2011, Le received a notice to appear from the federal Department of Homeland Security ("DHS").  The basis for the notice was Le's 2002 drug conviction.  Le unsuccessfully challenged the notice to both the Board of Immigration Appeals, which dismissed his appeal in 2018 and the Ninth Circuit Court of Appeals.

¶4            Over twenty years after his guilty plea, in August 2025, Le filed his PCR notice.  He argued that neither the court nor his trial counsel advised him of the immigration consequences of entering the plea agreement.  He explained his failure to timely file his PCR notice was

---

[1] Although Le filed under Rule 32, we construe his petition as one under Rule 33 because he was sentenced pursuant to a plea agreement.

because he was unaware a constitutional violation occurred until Immigration and Customs Enforcement ("ICE") detained him in July 2025.

**¶5**      Le filed his PCR petition in October 2025. The superior court dismissed it as untimely and alternatively denied the petition on the merits. Le timely petitioned for review following the court's dismissal. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") section 13-4239(C), and Rule 33.16(k).

## DISCUSSION

**¶6**      We review the superior court's denial of PCR for an abuse of discretion and will affirm if the ruling is legally correct for any reason. *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015). It is Le's burden to show the court abused its discretion. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). We address his arguments in turn.

I.      Le's Rule 33.1(f) Argument

**¶7**      Le first argues his untimely petition is excused under Rule 33.1(f) because he was unaware of the immigration consequences of his plea until 2025. A defendant may seek PCR under Rule 33.1(f) when "the failure to timely file a notice of post-conviction relief was not the defendant's fault." Ariz. R. Crim. P. 33.1(f).

**¶8**      Le analogizes his case to *State v. Diaz*, in which our supreme court held the defendant did not waive his ineffective assistance of counsel ("IAC") claim when his former counsel failed to file PCR petitions in previous PCR proceedings, through no fault of the defendant's. 236 Ariz. 361, 363, ¶ 13 (2014). Le contends that like the defendant in *Diaz*, extraordinary circumstances justify the late filing of his PCR, and he is likewise blameless in failing to timely raise the issue. In support, he argues he acted diligently by promptly filing for relief after discovering the constitutional violation in 2025.

**¶9**      We are unpersuaded by Le's analogy. In *Diaz*, the defendant twice timely initiated PCR proceedings, but it was not until his third petition that his assigned PCR counsel filed his first PCR petition. *Id.* at 362, ¶¶ 3-5. Here, Le failed to timely initiate PCR proceedings. Although he signed his plea agreement in February 2002, he did not file his PCR notice until October 2025. The superior court correctly found that although Le was not detained by ICE until 2025, he received a notice to appear "more than 14 years ago," in 2011, informing him he was subject to removal at that

time.   The notice specified the basis for the notice was Le's 2002 drug conviction.

**¶10**         Le also argues the notice to appear "was never served on [him]," and that he only discovered the immigration consequences of his plea when ICE detained him in 2025.  The record shows otherwise, as his affidavit states the Board of Immigration Appeals dismissed his appeal in 2018, and he petitioned for review from the Ninth Circuit in 2019.  This was at least six years before ICE detained him.  Thus, the superior court did not err in denying his PCR petition for untimeliness because Le failed to demonstrate he filed his PCR notice under Rules 33.1(f) and (g) "within a reasonable time after discovering the basis for the claim."  Ariz. R. Crim. P. 33.4(b)(3)(B).

II.     Le's Rule 33.1(g) Argument

**¶11**         Le argues in the alternative that we should grant him PCR under Rule 33.1(g).  "A defendant must file the notice for a claim under Rules 33.1(b) through (h) within a reasonable time after discovering the basis for the claim."  Ariz. R. Crim. P. 33.4(b)(3)(B).  If a claim under Rule 33.1(b) through (h) is untimely raised, then the defendant must explain why he did not timely raise his claim.  Ariz. R. Crim. P. 33.2(b)(1).

**¶12**         The superior court correctly found Le's untimely filing is unjustified for the same reasons it was untimely under Rule 33.1(f).  We agree.  Even if we accept Le's contention that he was unaware of the notice to appear issued in 2011, Le's proceedings with the Board of Immigration Appeals occurred in 2018, and his petition for review with the Ninth Circuit was filed in 2019.  Although ICE did not detain him until 2025, he was still aware of the immigration consequences of his plea deal by 2018 at the latest.  We cannot say he filed his PCR notice "within a reasonable time after discovering the basis for the claim."  Ariz. R. Crim. P. 33.4(b)(3)(B).

**¶13**         Even setting aside Le's untimely filing, his Rule 33.1(g) claim fails on the merits.  A petitioner may seek PCR relief under Rule 33.1(g) when "there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence."  Ariz. R. Crim. P. 33.1(g).  Le argues there has been a significant change of law under *Padilla v. Kentucky*, 559 U.S. 356 (2010).  There, the United States Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation."  *Id.* at 374.

**¶14**         But, we previously determined *Padilla* does not apply retroactively to defendants whose convictions were final before *Padilla* was

decided. *Poblete*, 227 Ariz. at 542, ¶ 16. The United States Supreme Court reached the same result in *Chaidez v. United States*, 568 U.S. 342, 358 (2013). Le does not dispute that his 2002 conviction was final before *Padilla* was decided in 2010. Because *Padilla* does not apply retroactively to Le's conviction, the superior court did not err in rejecting his claim based on Rule 33.1(g).

### III.     Le's IAC Argument

**¶15**          Finally, even if Le's PCR petition were timely, his IAC claim fails on the merits for the same reasons, *infra* ¶¶ 13-14. And to the extent Le argues "his attorney not only failed to volunteer information but actively downplayed the risk" and "*misled* [him] into believing there were no immigration consequences," his argument is unavailing. Le points to no place in the record, and we have found none, where his attorney misled him regarding immigration consequences. Indeed, it appears his attorney did not discuss any immigration consequences with him at the time of the plea deal, a fact Le conceded in his PCR petition. Accordingly, the superior court did not err in finding his IAC claim untimely and that it fails on the merits.

### CONCLUSION

**¶16**          We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR