21 P.3d 387

STATE of Arizona, Appellee,

v.

Fedale NEWTON, Appellant.

No. CR–00–0441–PR.

Supreme Court of Arizona,
En Banc.

April 3, 2001.

Janet A. Napolitano, The Attorney General by Randall M. Howe, Chief Counsel Criminal Appeals Section and Ginger Jarvis, Assistant Attorney General, Phoenix, Attorneys for State of Arizona.

James J. Haas, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, Attorneys for Newton.

## OPINION

McGREGOR, Justice.

¶ 1 On February 9, 1994, Newton was convicted of a felony offense committed on October 5, 1993, and was sentenced to prison until October 22, 1998. Because Newton earned early release credits, the Arizona Department of Corrections released him on April 9, 1997. In 1998, Newton was convicted of an offense he committed on January 27, 1998. The trial court enhanced his sentence pursuant to Arizona Revised Statute (A.R.S.) section 13–604.02.

¶ 2 The version of A.R.S. section 13–604.02 in effect when Newton committed his 1993 offense included earned credit releasees in the group of offenders subject to sentence enhancement.[1] Effective January 1, 1994, as part of omnibus criminal code revisions, the legislature amended section 13–604.02; the amended statute did not include earned credit releasees among those subject to increased penalties if they offended while on release.[2] The only issue before us is whether Newton's sentence for the 1998 offense should be de-

1. The version of section 13–604.02.B in effect in 1993 provided sentence enhancement for a person convicted of a felony offense committed while the person was "on probation for a conviction of a felony offense or parole, work furlough or any other release or escape from confinement...." A.R.S. § 13–604.02.B (1995).

2. The amended version of section 13–604.02.B, in effect in 1998, applied to persons "on probation for a conviction of a felony offense or parole, work furlough, community supervision or escape from confinement...." A.R.S. § 13–604.02.B (2000 Supp.). In 1999, the legislature amended the statute and reinserted the language "or any other release." A.R.S. § 13–604.02.B (2000 Supp.).

termined according to the sentencing statute in effect in 1993, when he committed the offense for which he earned early release, or that in effect when he committed the 1998 offense. We exercise jurisdiction pursuant to Arizona Constitution article 6, section 5.3.

¶ 3 A basic principle of criminal law requires that an offender be sentenced under the laws in effect at the time he committed the offense for which he is being sentenced. A.R.S. § 1–246 (1995). When Newton committed the 1998 offense, the sentence enhancement provisions of section 13–604.02 did not apply to offenders on early release. Therefore, unless some exception applies, the trial court committed fundamental error in applying that statute to enhance Newton's sentence. *State v. Graves*, 188 Ariz. 24, 27, 932 P.2d 289, 292 (1996).

¶ 4 The state argues that the legislative intent provision of the 1993 omnibus crime bill, which amended section 13–604.02, creates an exception to the sentencing principle described above by mandating that the new laws apply only to post–1993 offenders.[3] We agree that the legislature intended that the 1993 amendments receive prospective application only. We disagree that giving prospective effect to the amendments subjects Newton to the pre-amendment sentencing statute.

■ ¶ 5 The legislative changes to the effect of release status upon future sentences did not retroactively affect Newton's prior conviction, his prior sentence, his earned release credits, or his release status. Instead, the legislature altered the penalty for a releasee's future crimes, as it is entitled to do. Just as the legislature can make more severe the effect of committing a crime while on release status, *State v. Cocio*, 147 Ariz. 277, 284, 709 P.2d 1336, 1343 (1985), so can the legislature make less severe the impact of committing a crime while on release status. Because this change had only prospective effect, the intent provision does not create an

exception to the statutory mandate that offenders be sentenced under the statutes in effect at the time they commit their crimes.

¶ 6 For the foregoing reasons, we vacate the decision of the Court of Appeals and remand to the trial court for resentencing under the version of section 13–604.02 in effect at the time Newton committed the current offense.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice-Chief Justice, STANLEY G. FELDMAN, Justice, FREDERICK J. MARTONE, Justice.

---

3. The intent provision states:
   It is the intent of the legislature that the provisions of this act relating to parole, work furlough, home arrest, earned release credits and other early release programs have only prospective effect. For any person convicted for an offense committed before [January 1, 1994,]

the provisions of this act shall have no effect and such person shall be eligible for and may participate in such programs as though this act has not passed.
1993 Ariz. Sess. Laws (First Reg. Sess.) ch. 255, §§ 101, 98 (emphasis added).