NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSHUA ADAM MARSHALL, *Petitioner*.

No. 1 CA-CR 14-0501 PRPC
FILED 7-28-16

Petition for Review from the Superior Court in Maricopa County
No. CR 1998-093180
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Chief Judge Michael J. Brown delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Maurice Portley joined.

---

**B R O W N**, Chief Judge:

**¶1**          Petitioner Joshua Adam Marshall petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**          Marshall pled guilty to first degree murder, conspiracy to commit first degree murder, armed robbery, theft, and arson of a structure, offenses he committed in 1998 when he was sixteen. The trial court sentenced Marshall to concurrent terms of life imprisonment with a possibility of parole after twenty-five years for murder and conspiracy to commit murder. These terms were ordered to run consecutive to prison terms imposed for the remaining offenses. While the applicable sentencing statute provided for the possibility of parole after twenty-five years, the legislature abolished parole in 1993 when it amended Arizona Revised Statutes ("A.R.S.") section 41-1604.06. *See* 1993 Ariz. Sess. Laws, ch. 255 § 86 (1st Reg. Sess.) (amending A.R.S. § 41-1604.06); *see also* A.R.S. § 13-751(A) (outlining sentences for first degree murder). Therefore, at the time the trial court sentenced Marshall, the only way he could obtain release after twenty-five years was through executive commutation or pardon of his sentence. *See* A.R.S. §§ 31-402(C) (clemency); 31-443 (commutation). A sentencing scheme that abolishes parole for life sentences and provides for release based only on executive clemency does not provide a meaningful opportunity for release from a life sentence. *See Graham v. Florida*, 560 U.S. 48, 57 (2010).

**¶3**          Marshall filed a notice of post-conviction relief in which he challenged his sentence based on the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Miller* held that "mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 2460. Marshall argued *Miller* represented a significant change in the law and required the trial court to resentence him.

**¶4** The trial court consolidated Marshall's post-conviction proceeding with those of a number of other petitioners who raised identical claims. The court ordered the parties to file briefs that addressed whether *Miller* was retroactive and whether the petitioners had cognizable claims given that they had not yet served twenty-five years of their sentences. The trial court then held a hearing on the consolidated claims, after which it denied relief. The court held in relevant part that *Miller* was a significant change in the law and was retroactive and that commutation or clemency did not provide meaningful opportunities for release to offenders sentenced to life with the possibility of release. The court further held, however, that any issue as to whether Marshall's sentence violated the letter or spirit of *Miller* was resolved when the Arizona legislature reestablished parole for juvenile offenders sentenced to life imprisonment with a possibility of parole. *See* H.B. 2593, 51st Leg., 2d Reg. Sess. (2014) (hereinafter "H.B. 2593"). Marshall now seeks review. We review the trial court's summary dismissal of a Rule 32 proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

**¶5** In his petition for review, Marshall contends the trial court erred by denying him a resentencing at which he could raise issues regarding the application of H.B. 2593. He asserts he had intended to investigate claims and present these potential issues at a resentencing, but "the trial court plainly refused to consider" them. Among the issues he would have raised and presents to this court is that H.B. 2593 was not intended to apply retroactively, its retroactive application violates separation of powers and *ex post facto* principles, and parole availability under the statues does not satisfy *Miller*. Marshall also urges this court not to address matters on review that the trial court has not previously addressed.

**¶6** We deny relief. *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016); *State v. Valencia*, 239 Ariz. 255, 259, ¶ 17 (App. 2016). "A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, 136 S. Ct. at 736. If we assume arguendo that Marshall's sentence violated *Miller*, then H.B. 2593 and the resulting statutory changes remedied that violation because they permit "juvenile homicide offenders to be considered for parole[.]" *See Montgomery*, 136 S. Ct. at 736.

**¶7** Through H.B. 2593, the legislature enacted A.R.S. § 13-716 and amended A.R.S. § 41-1604.09(I). 2014 Ariz. Sess. Laws, ch. 156, § 2 (2d Regular Sess.). Arizona law now provides:

Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994.

A.R.S. § 13-716. Further, any person sentenced to life imprisonment and who is eligible for parole pursuant to A.R.S. § 13-716 is now expressly subject to the parole eligibility provisions of A.R.S. § 41-1604.09. A.R.S. § 41-1604.09(I). Therefore, Marshall now has a meaningful opportunity to be placed on parole once he completes twenty-five years of his sentence. This remedies any theoretical violation of *Miller*. Additionally, this court has already considered and rejected the arguments Marshall makes regarding separation of powers, the retroactivity claims of H.B. 2593, and the resulting legislative changes. *See State v. Vera*, 235 Ariz. 571, 576-77, ¶¶ 21-22 (App. 2014).

¶8 Finally, Marshall's *ex post facto* argument is meritless. He claims that A.R.S. § 13-719 violates the *ex post facto* doctrine because the statute "takes away the vested right to a hearing to be absolutely discharged from parole, instead requiring defendants to remain on parole for the remainder of their lives." "A basic principle of criminal law requires that an offender be sentenced under the laws in effect at the time he committed the offense for which he is being sentenced." *State v. Newton*, 200 Ariz. 1, 2, ¶ 3 (2001). Marshall committed his offenses in 1998. As noted, the legislature abolished parole in 1993 for everyone except those offenders who committed their crimes before January 1, 1994. This also abolished the right to absolute discharge from parole. A.R.S. § 41-1604.09(I). Therefore, at the time he committed the murder, Marshall had no right to parole at all, let alone a vested right to a form of parole that allowed him the opportunity to obtain an absolute discharge therefrom.

¶9 We grant review and deny relief.

