NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TYRELL MARQUISE MCDANIEL, *Petitioner*.

No. 1 CA-CR 14-0559 PRPC
FILED 8-2-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2008-030235-001 DT
The Honorable Paul J. McMurdie, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1**　　　　Petitioner, Tyrell Marquise McDaniel, petitions this court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C) (2010).

**¶2**　　　　McDaniel pled guilty to first degree murder as a dangerous crime against children, an offense he committed in 2008 when he was seventeen. The trial court sentenced McDaniel to life imprisonment with a possibility of release after thirty-five years. Although the applicable sentencing statute contemplated the possibility of release after thirty-five years, the legislature abolished parole in 1993 when it amended A.R.S. § 41-1604.06. *See former* A.R.S. § 13-703(A) (Supp. 2007) (sentences for first degree murder); 1993 Ariz. Sess. Laws, ch. 255, § 86 (1st Reg. Sess.) (amending A.R.S. § 41-1604.06). Parole has always remained available, however, for those offenders who committed their crimes before January 1, 1994. *See* A.R.S. § 41-1604.09(I) (Supp. 2015). Therefore, at the time the trial court sentenced McDaniel, the only way McDaniel could obtain release after thirty-five years was through executive clemency or commutation of his sentence. *See* A.R.S. §§ 31-402(C) (Supp. 2015) (clemency), -443 (2002) (commutation). Neither provides a meaningful opportunity for release from a life sentence. *See Graham v. Florida*, 560 U.S. 48, 57 (2010).

**¶3**　　　　McDaniel filed a successive notice of post-conviction relief in which he challenged his sentence based on the Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012). *Miller* held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at ___, 132 S. Ct. at 2460. The court further held that a trial court may sentence a juvenile offender convicted of murder to life imprisonment without the possibility of parole as long as the

court "take[s] into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at ___, 132 S. Ct. at 2469. McDaniel argued *Miller* was a significant change in the law that required the trial court to resentence him.

¶4 The availability of parole to juvenile offenders sentenced to life imprisonment in Arizona changed the same day McDaniel filed his successive notice of post-conviction relief. That day, the Governor approved House Bill ("H.B.") 2593, which reestablished parole for juvenile offenders sentenced to life imprisonment with a possibility of release. Through H.B. 2593, the legislature enacted A.R.S. § 13-716 and amended A.R.S. § 41-1604.09(I). 2014 Ariz. Sess. Laws, ch. 156, § 2 (2nd Reg. Sess.). Section 13-716 provides as follows: "Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994. If granted parole, the person shall remain on parole for the remainder of the person's life except that the person's parole may be revoked pursuant to § 31-415." A.R.S. § 13-716 (Supp. 2015). Section 41-1604.09(I) provides that any person sentenced to life imprisonment and who is eligible for parole pursuant to A.R.S. § 13-716 is now expressly subject to the parole eligibility provisions of A.R.S. § 41-1604.09. This court has already considered and rejected claims regarding the retroactivity of H.B. 2593 and the resulting legislative changes. *See State v. Vera*, 235 Ariz. 571, 576-77, ¶¶ 21-22, 334 P.3d 754, 759-60 (App. 2014). Therefore, McDaniel is eligible for parole once he completes thirty-five years of his sentence, but for the fact he must begin a consecutive life sentence without the possibility of release for another twenty-five years for a second murder he committed as an adult in 2008.

¶5 The day after he filed his successive notice of post-conviction relief, McDaniel filed a brief that addressed the retroactivity of *Miller* and the ripeness of his claim. McDaniel did not address H.B. 2593. When McDaniel filed his reply to the State's response, he argued for the first time that H.B. 2593 and the resulting legislative changes took away a vested right and, therefore, violated the prohibition against *ex post facto* laws. McDaniel argued that, before the passage of H.B. 2593, he had a vested right to attempt to obtain absolute discharge from parole if he were ever placed on parole. *See* A.R.S. §§ 31-411 (Supp. 2015), -414 (2002) (both addressing discharge of parolees). McDaniel argued that A.R.S. § 13-716 changed this and provides that if he is ever placed on parole, he must serve lifetime parole without the opportunity to ever obtain absolute discharge.

¶6 The trial court summarily dismissed the proceedings and held that McDaniel's sentence complied with *Miller* in all respects. The court also noted the recent passage of H.B. 2593 would cure any theoretical violation of *Miller*. The trial court did not consider the issue regarding absolute discharge from parole. McDaniel now seeks review. We review the trial court's summary dismissal of a Rule 32 proceeding for abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9, 368 P.3d 925, 927 (2016).

¶7 In his petition for review, McDaniel argues H.B. 2593 and the resulting legislative changes are unconstitutional because they deprive him of a vested right to a form of parole that affords the opportunity to obtain absolute discharge from parole. He further argues that, in light of *Miller*, the prior abolition of parole for juveniles convicted of first degree murder and the overall sentencing scheme for juveniles convicted of first degree murder were rendered unconstitutional, and he should therefore be resentenced.

¶8 We deny relief. "A basic principle of criminal law requires that an offender be sentenced under the laws in effect at the time he committed the offense for which he is being sentenced." *State v. Newton*, 200 Ariz. 1, 2, ¶ 3, 21 P.3d 387, 388 (2001) (citation omitted). McDaniel murdered the victim in 2008. The legislature abolished parole in 1993 for everyone except those offenders who committed their crimes before January 1, 1994. That included the right to absolute discharge from parole. *See* A.R.S. § 41-1604.09(I). Therefore, at the time he committed the murder, McDaniel had no right to parole at all, let alone a vested right to a form of parole that allowed him the opportunity to obtain absolute discharge from parole. Therefore, A.R.S. § 13-716 does not affect a vested right. Additionally, "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718, 736 (2016). With the passage of H.B. 2593 and the resulting legislative changes, McDaniel now has a meaningful opportunity to be placed on parole pursuant to A.R.S. § 13-716 and A.R.S. § 41-1604.09(I). This remedies any theoretical violation of *Miller*.

¶9 For the preceding reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA