IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WAYNE A. EVANS, *Petitioner*.

No. 1 CA-CR 21-0411 PRPC
FILED 3-1-2022

Appeal from the Superior Court in Maricopa County
No. CR 1996-092450
The Honorable Stephen M. Hopkins, Judge
The Honorable Brian K. Ishikawa, Judge (retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

The Nolan Law Firm PLLC, Mesa
By Todd E. Nolan, Vicki A. R. Lopez
*Counsel for Petitioner*

---

## OPINION

Presiding Judge Paul J. McMurdie delivered the Court's opinion, in which Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

¶1        Wayne Evans petitions this court to review the dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure 32.1. We hold that under Rule 32.1(g), a new rule may be retroactively applied only if it is substantive. We also hold that a sentence is not unauthorized under Rule 32.1(c) unless substantively defective. Because the superior court correctly applied the law, we grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In 1996, Evans was indicted on 78 felony counts related to a credit union armed robbery and a later carjacking and home invasion. Several charges were dismissed, but Evans proceeded to trial on 38 counts. A jury convicted him on 30 counts, 24 of which were dangerous offenses. The court found several aggravating factors at sentencing, including prior felony convictions. As a result, the court sentenced Evans to an aggravated sentence for each count.

¶3        Evans appealed his convictions and sentences. His attorney found no arguable issues and filed an *Anders*[1] brief, and Evans filed a supplemental brief. *See State v. Evans,* 1 CA-CR 99-1039 (Feb. 6, 2001). This court awarded Evans one more day of pre-sentence incarceration credit but otherwise affirmed the convictions and sentences. Evans filed a motion for reconsideration, which was denied. He then petitioned for review with the Arizona Supreme Court, which was also denied.

¶4        Evans filed two PCR notices and a habeas corpus petition, which the superior court treated as a PCR petition. Ariz. R. Crim. P. 32.3(b) (court must treat any application challenging a conviction or sentence as a PCR petition). The superior court dismissed each petition in turn. Evans

---

[1]        *Anders v. California*, 386 U.S. 738 (1967).

petitioned for review, which was denied. *See State v. Evans,* 1 CA-CR 08-0045 (Nov. 14, 2008).

**¶5**   In 2020, Evans filed this successive PCR petition asserting claims under Rule 32.1(a), (c), (g), and (h), arguing that his sentence was unconstitutional and not authorized by law, there had been a significant change in the law, and he was actually innocent. The court summarily dismissed the constitutional claim under Rule 32.1(a) as precluded. The court found Evans failed to allege new facts supporting his actual-innocence claim under Rule 32.1(h). After ordering and receiving further briefing on the new-law claims under Rule 32.1(g), the court found that Evans had failed to state a claim for relief and dismissed the petition.

**¶6**   Evans petitioned this court for review. We have jurisdiction under A.R.S. § 13-4239(C) and Rule 32.16(a)(1).

## DISCUSSION

**¶7**   We will not disturb the superior court's ruling on a PCR petition absent an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012); *State v. Macias*, 249 Ariz. 335, 340, ¶ 16 (App. 2020). We review the court's legal conclusions *de novo. State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). A defendant must strictly comply with the rules to be eligible for PCR. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005); *State v. Carriger,* 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

**¶8**   On review, Evans argues that (1) the superior court violated his right under federal law to have aggravating factors found by a jury; (2) new federal law renders the statutes under which he was sentenced unconstitutionally vague; (3) he received ineffective assistance from prior PCR counsel; (4) the superior court erred by denying his actual-innocence claim; and (5) the court erred by not holding an evidentiary hearing.

**A.**  **Evans's Claims that He Received an Unconstitutional Aggravated Sentence Are Not Colorable Under Rule 32.1(c) or (g).**

**¶9**   Evans brings a claim for relief under Rule 32.1(g), asserting that new federal constitutional law guarantees him the right to have aggravating factors found by a jury instead of the judge and the superior court violated this right because Evans's aggravated sentences were based on judicial findings, not findings by the jury.

¶10         Generally, a defendant is precluded from relief under Rule 32 based on any ground that could have been raised on appeal or in a previous PCR proceeding. *See* Ariz. R. Crim. P. 32.2(a)(3). An exception to this general preclusion provision is Rule 32.1(g), which allows PCR review when "there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence." Ariz. R. Crim. P. 32.2(b) (claims for relief based on Rule 32.1(b) through (h) are not subject to preclusion under Rule 32.2(a)(3)). This Rule codifies the federal rule on retroactivity. *See State v. Slemmer*, 170 Ariz. 174, 182 (1991) ("[W]e think public policy presently requires that we adopt and apply the federal retroactivity analysis to decisions of state constitutional law.")

¶11         Any change in the law, whether procedural or substantive, applies to cases on direct review, even if the defendant's trial has already concluded. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). But the United States Supreme Court has repeatedly stated that a decision announcing a new rule of criminal procedure ordinarily does not apply retroactively on collateral review. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551 (2021). In *Edwards*, the Court made the rule absolute: "It is time—probably long past time—to make explicit what has become increasingly apparent to bench and bar over the last 32 years: New procedural rules do not apply retroactively on federal collateral review." 141 S. Ct. at 1560.

¶12         As explained by our supreme court, a court reviewing a Rule 32.1(g) claim must first determine whether the petitioner's case has become final. *State v. Towery*, 204 Ariz. 386, 389, ¶ 7 (2003). Under both federal and Arizona law, a defendant's case becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith,* 479 U.S. at 321, n.6; *accord Towery*, 204 Ariz. at 389, ¶ 8. In this case, Evans's case is final. This is because the direct appeal has concluded, and the time to file a certiorari petition expired. *See Towery,* 204 Ariz. at 389, ¶ 8.

¶13         A petitioner whose case is final may seek the benefit of a new substantive rule. *Bousley v. United States*, 523 U.S. 614, 620 (1998) (explaining that new substantive rules may apply retroactively). But no relief is available if the new rule is procedural. *Edwards*, 141 S. Ct. at 1560; *see Towery*, 204 Ariz. at 389, ¶ 7.

¶14         On review, Evans asserts that the relevant change in the law arose out of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v.*

*Washington*, 542 U.S. 296 (2004). We need not linger long over Evans's claim. All courts to address the issue have held that *Apprendi* and *Blakely* are procedural, not substantive, and do not apply retroactively to final cases. *Apprendi*, 530 U.S. at 475 ("The substantive basis for New Jersey's enhancement is thus not at issue; the adequacy of New Jersey's procedure is."); *Towery*, 204 Ariz. at 390, ¶ 12; *State v. Ward*, 211 Ariz. 158, 162, ¶ 10 (App. 2005) (*Blakely* is not retroactive and applies only to "convictions not yet final on direct review the day *Blakely* was decided."). For that reason, Evans cannot base a claim under Rule 32.1(g) on *Apprendi* and *Blakely*.

¶15 Evans also argues in the alternative that his claim should be considered under Rule 32.1(c), which likewise is not subject to the waiver rule for successive petitions under Rule 32.2(b) and provides relief if the sentence was "not authorized by law." The superior court did not specifically address this claim but dismissed the Rule 32 petition. We consider a claim denied when a court fails to rule on it expressly. *See State v. Mendoza-Tapia*, 229 Ariz. 224, 231, ¶ 22 (App. 2012).

¶16 Generally, Rule 32.1(c) addresses sentences not authorized by the substantive law in effect at the time of sentencing. *See, e.g.*, *State v. Reed*, 1CA-CR21-0065PRPC, 2021 WL 5068089, *3, ¶ 15 (App., Nov. 2, 2021) (the sentence is illegal when imposed after a plea to a non-existent crime). When Evans was sentenced, A.R.S. § 13-702(B) provided:

> The upper or lower term imposed . . . may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

1993 Ariz. Legis. Serv. Ch. 255 (S.B. 1049). Thus, under the substantive law at the time, if the court found sufficient aggravation to impose a sentence within the statutory range, the sentence was authorized by law, and the defendant had no Rule 32.1(c) claim. *But cf. State v. Cazares*, 205 Ariz. 425, 426, ¶ 4 (App. 2003) (interpreting a previous version of Rule 32.1(c) that

allowed challenge for a sentence not imposed "in accordance with" Arizona law for pleading defendants).[2]

¶17        We note that the sentencing provisions now provide:

> The minimum or maximum term . . . may be imposed only if one or more of the circumstances alleged to be in aggravation of the crime are found to be true by the trier of fact beyond a reasonable doubt or are admitted by the defendant, except that an alleged aggravating circumstance under subsection D, paragraph 11 [prior felony conviction] of this section shall be found to be true by the court, or in mitigation of the crime are found to be true by the court, on any evidence or information introduced or submitted to the court or the trier of fact before sentencing or any evidence presented at trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

A.R.S. § 13-701(C). Today, a defendant has the right to have the "trier of fact" determine aggravating circumstances. But because Rule 32.1(c) deals with the substantive law, we apply the law as it existed at the time of the crime. "A basic principle of criminal law requires that an offender be sentenced under the laws in effect at the time he committed the offense for which he is being sentenced." *State v. Newton,* 200 Ariz. 1, 2, ¶ 3 (2001); *see also* A.R.S. § 1-246 (despite the subsequent statutory amendment, "offender shall be punished under the law in force when the offense was committed"); *State v. Stine,* 184 Ariz. 1, 3 (App. 1995) ("[P]ersons convicted of crimes in Arizona generally do not benefit from subsequent changes of the statutory sentencing provisions.") The requirement now that the jury, if it is the trier-of-fact, must make the aggravation determinations to enhance a sentence does not apply to Evans as a matter of substantive law.

¶18        Evans's different interpretation of Rule 32.1(c) defeats the purpose of Rule 32.2. As stated by our supreme court,

> Rule 32.2 is a rule of preclusion designed to limit those reviews, to prevent endless or nearly endless reviews of the same case in the same trial court. If the merits were to be

---

[2]        We need not address the continuing validity of *Cazares* after the 2020 changes to Rule 32. *Cazares* addressed a defendant who pled guilty and PCR is now addressed for pleading defendants in Rule 33.

examined on each petition, Rule 32.2 would have little preclusive effect and its purpose would be defeated.

*Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 11 (2002). Having determined that Evans has not raised a cognizable claim under 32.1(g) or (c), we need not decide whether he raised these claims timely. Ariz. R. Crim. P. 32.2(b) (a defendant claiming an exception to preclusion "must explain the reasons for not raising the claim" previously).

## B.     Evans Failed to State a Colorable Rule 32.1(g) Claim Based on New Federal Firearms Cases.

**¶19**         Citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019), Evans raises a different Rule 32.1(g) claim asserting that new authority suggests that Arizona's dangerous-crime statute is unconstitutionally vague.

**¶20**         The superior court found that neither case entitled Evans to Rule 32.1(g) relief. We agree. In *Rehaif*, the United States Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), the Government must prove that the defendant knew both that he possessed a firearm and that he belonged to one of the statute's enumerated categories barring possession. 139 S. Ct. at 2200. In *Davis*, the Court held that a federal sentencing statute was unconstitutionally vague in defining which crimes were crimes of violence. 139 S. Ct. at 2324, 2336.

**¶21**         Neither *Rehaif* nor *Davis* provide a basis for Rule 32.1(g) relief for Evans because the Court did not promulgate a new constitutional rule but interpreted a federal statute. *State v. Holmes*, 250 Ariz. 311, 315, ¶ 14 (App. 2020). There is no new rule of constitutional dimension to apply to Evans.

**¶22**         Finally, in making his arguments under *Rehaif* and *Davis*, Evans intermittently argues the record lacks evidence establishing possession and use of a gun. Evans contends that there were only four counts for which the evidence shows that he possessed a weapon because those were the only counts "where at least one victim identified [Evans] and identified him as a person who actually had a gun at that time," and "no one from the credit union could identify [Evans] or place a gun in his hands." But a claim of insufficient evidence is irrelevant under Rule 32.1(g), which instead requires a "significant change in the law."

**C.    Evans Failed to State a Colorable Rule 32.1(g) Claim Based on Ineffective Assistance of Counsel.**

**¶23**         Rule 32.2(a)(2) precludes an ineffective assistance of counsel claim if it was adjudicated on the merits in an appeal or a previous PCR proceeding. Thus, because Evans raised ineffective assistance of counsel claims in his prior unsuccessful PCR proceedings, the superior court found his new claims precluded under Rule 32.2(a)(2).

**¶24**         Evans now raises a Rule 32.1(g) claim asserting that new authority entitles him to present his claims of ineffective assistance of trial counsel. He cites *Martinez v. Ryan*, 566 U.S. 1 (2012), in arguing that he could not timely raise a claim for ineffective assistance of trial counsel because of the ineffective assistance of his prior PCR counsel. But *Martinez* turned on "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." 566 U.S. at 9.

**¶25**         As the superior court noted, Evans cannot rely on *Martinez*. *Martinez* pertains to federal habeas actions. It does not entitle Evans to raise precluded state claims. And contrary to Evans's assertion that Rule 32 now "recognizes ineffectiveness of initial PCR counsel as cause to file a further PCR," nothing in the 2020 revisions to Rule 32 alters the longstanding rule that non-pleading defendants may not raise an ineffective assistance claim against prior PCR counsel. *See State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶ 4 (App. 2013); *State v. Mata*, 185 Ariz. 319, 336–37 (1996).

**¶26**         Although the claim is precluded, we note that we have rejected a claim that appellate counsel was ineffective for failing to raise an *Apprendi* claim before *Blakely*. *See State v. Febles*, 210 Ariz. 589, 597, ¶ 22 (App. 2005). Also, the superior court could find prior felony convictions under *Blakely*. *State v. Allen*, 248 Ariz. 352, 368, ¶ 65 (2020). Because the court could sentence Evans to an aggravated sentence based on its finding of prior convictions, he cannot show counsel's representation prejudiced him. *State v. Martinez*, 210 Ariz. 578, 584, ¶ 21 (2005).

**D.    The Superior Court Did Not Err by Denying Evans's Actual-Innocence Claim.**

**¶27**         Evans also brings a Rule 32.1(h) claim of actual innocence, reiterating his contention that the state presented evidence that he possessed a gun for only four counts.

¶28        Rule 32.1(h) provides relief if the defendant can show "by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." Evans did not present new evidence of innocence, only argument from the trial record. Thus, the superior court correctly found that he failed to allege facts that meet the standard.

¶29        Evans argues that the superior court erred because it only considered the sufficiency of the evidence under state law "when [the claim] was raised as a federal constitutional question." Evans tries to couch his claim as a federal one by citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995), and *Murray v. Carrier*, 477 U.S. 478, 496 (1986). But these cases involved the procedure and standards for precluded claims raised by federal habeas petitioners. *Schlup*, 513 U.S. at 301; *Carrier*, 477 U.S. at 481–82. In fact, Evans cannot submit a claim of actual innocence as a free-standing claim in federal court. *Herrera v. Collins*, 506 U.S. 390, 400, (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.")

¶30        Unlike our federal counterpart, Arizona recognizes a free-standing claim of actual innocence as outlined in Rule 32.1(h). Under Rule 32.1(h), the superior court did not abuse its discretion by denying the claim because Evans failed to allege facts "sufficient to establish that no reasonable fact-finder would find" that he committed dangerous crimes. Restating arguments about the trial record does not establish a Rule 32.1(h) claim.

### E.    The Superior Court Did Not Err by Denying Evans an Evidentiary Hearing.

¶31        Evans contends that he presented a colorable claim for relief, and therefore he was entitled to an evidentiary hearing. A colorable claim is "one that, if the allegations are true, might have changed the outcome." *State v. Runningeagle*, 176 Ariz. 59, 63 (1993). And under Rule 32.13(a), a "defendant is entitled to a hearing to determine issues of material fact." But none of Evans's claims turn on disputed factual allegations. The superior court correctly dismissed them on legal grounds. His claims did not warrant an evidentiary hearing, and the court did not abuse its discretion by declining to hold one.

## CONCLUSION

¶32      We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA