NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GERARDO EDMUNDO ANDRADA-PASTRANO, *Petitioner*.

No. 1 CA-CR 16-0499 PRPC
FILED 9-5-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1991-007525
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Gerardo Edmundo Andrada-Pastrano, Mesa
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

**J O H N S E N**, Judge:

¶1        Gerardo Edmundo Andrada-Pastrano petitions this court for review from the dismissal of his petition for post-conviction deoxyribonucleic acid ("DNA") testing, filed pursuant to Arizona Rule of Criminal Procedure 32.12.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        Approximately 25 years ago, Andrada-Pastrano was charged with one count of sexual conduct with a minor, a Class 2 felony and dangerous crime against children, and one count of sexual conduct with a minor, a Class 6 felony.  The State alleged that on August 29, 1991, Andrada-Pastrano and his friend took two sisters, ages 13 and 15, to a motel room, served them alcohol, and then had sex with them.

¶3        Andrada-Pastrano pled guilty to attempted sexual conduct with a minor, a Class 3 felony and dangerous crime against children.  Before sentencing, however, he asked to withdraw from the plea agreement.  Among other stated reasons, Andrada-Pastrano asserted that the complaining witnesses had "recently filed similar charges against two other men."  The court appointed other counsel for Andrada-Pastrano and held a hearing.  Andrada-Pastrano and his trial counsel testified.  After the hearing, the court granted the motion and allowed Andrada-Pastrano to withdraw from the plea agreement.[1]

¶4        At Andrada-Pastrano's request, the court appointed him an investigator, and the parties prepared for trial.  Andrada-Pastrano filed a notice of disclosure in which he listed the other two men by name as witnesses.  The younger sister had accused these two men of sexually assaulting her on or about February 22, 1992, and Andrada-Pastrano believed the accusations were false.  The record also reflects that on August 26, 1992, the State served a subpoena duces tecum seeking "all medical records regarding" medical treatment received by the younger sister on February 22 or 23, 1992.

¶5        Andrada-Pastrano ultimately again decided to resolve the case by plea agreement, and pled no contest to attempted sexual abuse, a

---

[1]        Andrada-Pastrano has not provided a transcript of this proceeding.

Class 4 felony and dangerous crime against children.[2]   The parties stipulated to a seven-year term of probation with six months' incarceration.

¶6             Before the sentencing, Andrada-Pastrano met with the presentence report writer and admitted to having sex with the older sister. He said that both girls had consented to the sex.  The writer noted that although Andrada-Pastrano "admits that what he did was wrong, by having sex with a minor, he did not believe that [the older sister] was only fifteen years old."  Further, according to the presentence report, Andrada-Pastrano "mentioned that these same girls have also been responsible for accusing two other men of rape on a previous occasion.  One of those men nearly had their parole revoked until [the younger sister] retracted her statement."  On December 7, 1992, the superior court accepted the plea agreement and imposed a seven-year term of probation, with four months' incarceration.  Andrada-Pastrano did not file a notice of post-conviction relief.

¶7             Approximately 14 years later, Andrada-Pastrano commenced his first post-conviction relief proceeding by filing documents titled "Request for Preliminary Injunction" and "Oral Agreement of Unconscionable Cluase [sic] in CR 91-07525 and Contract Frustration." Though not entirely clear, it appears that Andrada-Pastrano was seeking relief from sex-offender registration required by the terms of his no-contest plea.  The superior court denied relief in February 2007.

¶8             In January 2008, Andrada-Pastrano filed a notice of post-conviction relief.  He asserted that his failure to timely file his petition was not his fault.  He also raised claims of newly discovered evidence, ineffective assistance of counsel, involuntary plea, actual innocence and prosecutorial misconduct.  His claims rested on his contention that evidence existed that cast doubt on the credibility of the younger sister — the "alleged victims [] where [sic] prone to make false allegations" — and the State had withheld this evidence.  Appointed counsel later filed a supplemental petition.  In its response, the State vigorously disputed Andrada-Pastrano's contention that the medical records the State had subpoenaed in his case related to the younger sister's allegations against the other two men.  The State called those allegations "completely unfounded" and "another lie."  After addressing the claims raised, the superior court denied relief.  Andrada-Pastrano sought review by this court, but review

---

[2]      Andrada-Pastrano has not provided a transcript of the change-of-plea proceeding.

was denied. *State v. Past[r]ano*, 1 CA-CR 09-0203 PRPC (App. Mar. 29, 2010) (order).

**¶9**          In October 2010, Andrada-Pastrano filed his third post-conviction relief proceeding. The superior court addressed the claims and summarily dismissed them. Andrada-Pastrano moved for rehearing, but the motion was denied. This court denied review. *State v. Andrada-Pastrano*, 1 CA-CR 10-0979 PRPC (App. Sep. 20, 2012) (order).[3]

**¶10**          In August 2011, Andrada-Pastrano filed his fourth post-conviction relief proceeding, essentially reiterating claims he had presented before. He argued that by subpoenaing the younger sister's medical records for use in its case against him, the State acted deceitfully and coercively, suggesting that the State sought to use the records to argue that the younger sister sought treatment in February 1992 for acts that Andrada-Pastrano committed against her the prior fall. For the first time, he referenced a police report documenting a complaint by the younger sister that she was raped on February 23, 1992, by the two other men. He noted that according to the police report following that alleged rape, the younger sister was transported for medical treatment, and a rape kit was collected. The superior court identified and ruled upon the claims raised in a thorough, well-reasoned manner and summarily dismissed the proceeding. Andrada-Pastrano did not seek review of this order.

**¶11**          In March 2016, Andrada-Pastrano filed the present petition for post-conviction DNA, pursuant to Rule 32.12. He requested testing of any medical evidence, including the rape kit and clothing, collected from the younger sister on February 23, 1992, after the alleged sexual assault by one of the other two men. He argued that his discovery of the February 1992 police report involving the younger sister disproved the State's repeated contention that there was no evidence that the younger sister had falsely accused anyone else of rape. He contended that, faced with having to explain its decision to subpoena medical records for the younger sister following the incident described in the February 1992 police report, the State was now arguing falsely that those medical records were evidence of "delayed treatment" of the younger sister after his own offense six months before. He argued that DNA test results would show that the victim had falsely accused the suspect in the unrelated case. The State responded that Andrada-Pastrano was not entitled to relief because any evidence collected

---

[3]          Andrada-Pastrano also unsuccessfully pursued his claims in federal District Court. *Andrada-Pastrano v. Waters*, No. CV-12-02401-PHX-SPL, 2015 WL 4594161 (D. Ariz. July 30, 2015).

on February 23, 1992, was unrelated to his prosecution and conviction. The superior court agreed and denied Andrada-Pastrano's petition. This petition for review followed.

## DISCUSSION

¶12 On review, Andrada-Pastrano argues the superior court abused its discretion because it "failed to adhere to the mandatory language of Rule 32.12(c), was remiss in its duty to weigh the facts in a fair and impartial manner," and failed to "order the mandatory hearing required by Rule 32.12(i)." In response, the State argues that the evidence Andrada-Pastrano seeks to have tested "was not from his case." Because the evidence was collected after the younger sister alleged she was sexually assaulted by another man, the State argues it "is not 'related to the investigation or prosecution that resulted in [his] judgment of conviction.'"

¶13 A felon may file a post-conviction request for DNA testing of certain evidence. Arizona Revised Statutes ("A.R.S.") section 13-4240 (2017) provides in pertinent part:

A. At any time, a person who was convicted of and sentenced for a felony offense and who meets the requirements of this section may request the forensic deoxyribonucleic acid testing of any evidence that is in the possession or control of the court or the state, that is related to the investigation or prosecution that resulted in the judgment of conviction, and that may contain biological evidence.

B. After notice to the prosecutor and an opportunity to respond, the court shall order deoxyribonucleic acid testing if the court finds that all of the following apply:

1. A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through deoxyribonucleic acid testing.

2. The evidence is still in existence and is in a condition that allows deoxyribonucleic acid testing to be conducted.

3. The evidence was not previously subjected to deoxyribonucleic acid testing or was not subjected to the testing that is now requested and that may resolve an issue not previously resolved by the previous testing.

C. After notice to the prosecutor and an opportunity to respond, the court may order deoxyribonucleic acid testing if the court finds that all of the following apply:

1. A reasonable probability exists that either:

(a) The petitioner's verdict or sentence would have been more favorable if the results of deoxyribonucleic acid testing had been available at the trial leading to the judgment of conviction.

(b) Deoxyribonucleic acid testing will produce exculpatory evidence.

2. The evidence is still in existence and is in a condition that allows deoxyribonucleic acid testing to be conducted.

3. The evidence was not previously subjected to deoxyribonucleic acid testing or was not subjected to the testing that is now requested and that may resolve an issue not previously resolved by the previous testing.

*See also* Ariz. R. Crim. P. 32.12(c).

¶14 Notwithstanding the State's current contention that the medical evidence at issue was not "from his case," the State subpoenaed the evidence during its prosecution of Andrada-Pastrano. Moreover, the State does not argue that the evidence no longer exists, that it is in no condition to be tested, or that it has already been tested. *See* A.R.S. § 13-4240(B)(2), (3); -(C)(2), (3). Nevertheless, the superior court did not abuse its discretion in denying Andrada-Pastrano's request because there was no reasonable probability that he would not have been prosecuted or convicted if the evidence were tested and found to be exculpatory.

¶15 We infer that Andrada-Pastrano wants to have the evidence tested in the hope of establishing that the younger sister falsely accused another man of sexual assault some six months after the incident that underlay his own conviction. But even if the testing were to disprove the victim's later allegation against the other man, there is no reasonable probability that evidence would have changed the outcome in his own case. This is not a situation in which DNA testing might disprove a charge, or disqualify a defendant as the perpetrator of an offense. Even assuming the results of the testing might have been admitted in evidence in Andrada-Pastrano's case, the evidence, collected from the younger sister six months

after the offense to which Andrada-Pastrano pled no contest, is far too attenuated to yield any "exculpatory results" in this case.

**¶16**       Finally, contrary to Andrada-Pastrano's argument, because he could not satisfy the threshold for DNA testing, the court was not required to hold any hearing pursuant to Rule 32.12(i).   This provision simply excepts the rule of preclusion if evidence has been tested and the DNA testing yielded results favorable to the petitioner.

**¶17**       Post-conviction relief exists for that "unusual situation where justice ran its course and yet went awry." *State v. McFord*, 132 Ariz. 132, 133 (App. 1982).  Andrada-Pastrano has litigated his claims in the superior and appellate courts unsuccessfully.   The superior court did not abuse its discretion when it denied the petition.

**CONCLUSION**

**¶18**       For the foregoing reasons, we grant review and deny relief.

