SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No.  CR-09-0257-PR |
| | ) | |
| Appellee, | ) | Court of Appeals |
| | ) | Division Two |
| v. | ) | No.  2 CA-CR 08-0024 |
| | ) | |
| | ) | Cochise County |
| DANIEL DIAZ, | ) | Superior Court |
| | ) | No.  CR-200700013 |
| | ) | |
| Appellant. | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Cochise County
The Honorable Charles A. Irwin, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division Two
222 Ariz. 188, 213 P.3d 337 (2009)

**VACATED IN PART**
_____

EDWARD G. RHEINHEIMER, COCHISE COUNTY ATTORNEY                 Bisbee
     By   David R. Pardee, Deputy County Attorney
          José A. Ceja, Deputy County Attorney
Attorneys for State of Arizona

THE LAW OFFICES OF KELLY A. SMITH                             Yuma
     By   Kelly A. Smith
Attorney for Daniel Diaz
_____

**B E R C H**, Chief Justice

¶1      The  question  in  this  case  is  whether  a  defendant
convicted  of  possessing  methamphetamine  for  sale  who  has  two

non-methamphetamine-related historical prior felony convictions was properly sentenced under Arizona's general repetitive offender statute rather than a statute applicable to certain methamphetamine-related offenses. We hold that the methamphetamine sentencing statute does not prohibit the trial court from enhancing the sentence of a defendant who has non-methamphetamine-related historical prior convictions under the general repetitive offender statute.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

¶2      In 2007, Daniel Diaz was convicted of possessing methamphetamine for sale. He admitted that he was on felony probation when the offense occurred and had two historical prior felony convictions, neither of which involved methamphetamine.

¶3      Diaz claimed that he should be sentenced under Arizona Revised Statutes (A.R.S.) § 13-709.03 (2010),[1] a special sentencing statute applicable to certain drug offenses including possession of methamphetamine for sale. The trial court instead sentenced Diaz under A.R.S. § 13-703(C) (2010), the general statute applicable to repetitive offenders, to an aggravated term of twenty-five years.

---

[1]    We apply the substantive law that was in effect when Diaz committed the offense. *See* A.R.S. § 1-246 (2002); *State v. Newton*, 200 Ariz. 1, 2 ¶ 3, 21 P.3d 387, 388 (2001). The applicable sentencing statutes have been edited and renumbered since Diaz committed the offense, but have not changed in substance. We therefore cite the current statutes.

**¶4** Diaz appealed. The court of appeals affirmed his conviction, but remanded for resentencing, finding that the trial court applied the wrong sentencing statute. *State v. Diaz*, 222 Ariz. 188, 192 ¶¶ 13-15, 213 P.3d 337, 341 (App. 2009). Although characterizing the lesser penalty imposable under A.R.S. § 13-709.03 as "clearly at odds with the overall sentencing scheme, which typically punishes recidivism and singles out methamphetamine use for additional penalties," *id.* at ¶ 14 (citations omitted), the court of appeals nonetheless found the special methamphetamine sentencing statutes controlling, *id.* at ¶ 15.

**¶5** We granted review because interpretation of our criminal sentencing statutes is a recurring issue of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, and A.R.S. § 12-120.24 (2003).

## II. DISCUSSION

**¶6** Diaz was convicted of "knowingly . . . [p]ossess[ing] a dangerous drug for sale," a class two felony. A.R.S. § 13-3407(A)(2) (2010) (possession for sale); *id.* § (B)(2) (class two felony). Section 13-3407(E) provides that any person convicted of selling methamphetamine "shall be sentenced pursuant to § 13-709.03, subsections A or B."

**¶7** Section 13-709.03(A), the provision applicable to a first-time offender who possesses methamphetamine for sale,

- 3 -

doubles the five-year term generally applicable to possession-for-sale offenses if the drug involved is not methamphetamine. It provides that one convicted of possessing methamphetamine for sale "shall be sentenced" to a presumptive term of ten calendar years, which may be mitigated or aggravated by up to five years. *Compare* A.R.S. § 13-702(D) (2010) (listing five-year term as the presumptive sentence for a first-time offender convicted of a class two felony), *with* A.R.S. § 13-709.03(A) (listing ten-year term as the presumptive sentence for possession of methamphetamine for sale). Section 13-709.03(B) provides an enhanced sentence for defendants convicted of possessing methamphetamine for sale who have "previously been convicted of [certain drug-related offenses specified in A.R.S. § 13-3407] involving methamphetamine" – that is, it increases the sentence for defendants convicted of possessing methamphetamine for sale if they also have certain methamphetamine-related priors.[2]

¶8        Diaz contends that because the State elected to charge him with a methamphetamine-related offense, it was required to

---

[2]        In addition to increasing the penalty for those who have prior methamphetamine-related convictions, § 13-709.03(B) also extends the time a prior methamphetamine-related offense may be used to enhance a sentence. Section 13-709.03(B) permits the use of a previous conviction for a violation of § 13-3407 regardless of how long before the current offense the previous conviction occurred. Our repetitive offender sentencing scheme, in contrast, generally permits use of a prior class two felony conviction only if committed within the preceding ten years. A.R.S. § 13-105(22)(b) (2010).

- 4 -

sentence him under the sentencing scheme set forth in A.R.S. § 13-3407(E) and § 13-709.03, and, as a result, the maximum sentence he could receive was an aggravated sentence of fifteen years under § 13-709.03(A).

¶9 The State, on the other hand, maintains that the trial court properly sentenced Diaz under A.R.S. § 13-703(C) and (J), which govern sentencing for repetitive offenders who have two or more prior historical felony convictions. *See* A.R.S. § 13-105(22) (defining historical prior felony conviction). Under § 13-703(J), the presumptive class two felony sentence for a repetitive offender who has two or more prior felony convictions is 15.75 years, which may be aggravated up to 35 years. Section 13-703(N) requires that "[t]he penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if an allegation of prior conviction is charged in the indictment or information and admitted or found by the court." Diaz does not contest that the State properly alleged that he had prior historical felony convictions and, at sentencing, he admitted having two such convictions.

¶10 Thus, we are faced with allegedly conflicting statutory sentencing provisions, both of which contain the directory language "shall." We review this statutory interpretation issue de novo. *State v. Gomez*, 212 Ariz. 55, 56 ¶ 3, 127 P.3d 873, 874 (2006). We look first at the language of the statutes to

- 5 -

determine their meaning, *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993), and examine related statutes in the statutory scheme, which may shed light on the proper interpretation of the statutes in question; we also attempt to harmonize competing sentencing statutes if it is possible to do so. *See, e.g.*, *State v. Tarango*, 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996) (citing cases); *State v. Deddens*, 112 Ariz. 425, 429, 542 P.2d 1124, 1128 (1975).

¶11     Diaz does not dispute that he could be sentenced to an aggravated term of fifteen years under § 13-709.03(A) for the possession-for-sale conviction. He contends, however, that because the State charged him under § 13-3407, the court was required to sentence him only under § 13-709.03. *See* § 13-3407(E) (providing that a person convicted of particular methamphetamine offenses "shall be sentenced pursuant to § 13-709.03"). This statutory language, Diaz claims, precludes application of the repetitive offender provisions of § 13-703 to him regardless of his prior criminal history. He correctly observes that the repetitive offender provision in § 13-709.03(B) does not apply to him because he has not been convicted of a previous drug offense "involving methamphetamine."

¶12     The State, on the other hand, maintains that the court may use Diaz's prior non-methamphetamine-related convictions to

- 6 -

enhance his sentence under § 13-703 because no language in § 13-709.03 expressly precludes such a result. Doing so, the State argues, furthers the legislative policy of punishing repeat offenders more severely than those who have committed no prior offenses.

¶13 We agree with the State. Section 13-709.03(B) does not address prior convictions for non-methamphetamine-related offenses, and no other language in that statute precludes the application of the general repetitive offender sentencing provision. *See State v. Laughter*, 128 Ariz. 264, 269, 625 P.2d 327, 332 (App. 1980) (finding that because Arizona's dangerous offenses penalty statute was silent on whether its provisions superseded those in the repetitive offender sentencing statute, the trial court did not err in sentencing the defendant as a repetitive offender).

¶14 We find instructive the analysis in *Tarango*, 185 Ariz. at 210-11, 914 P.2d at 1302-03. In addressing differing parole eligibility provisions provided by a narcotics sentencing statute and the general repetitive offender sentencing statute, we found that the general sentencing provisions applied notwithstanding the existence of a specific statute seeming to require the imposition of flat-time sentences for certain offenses. *Id.* We recognized the limited application of the specific statute and found that the broader language in the

general sentencing provision controlled.  *Id.* at 212, 914 P.2d at 1304.

¶**15**      The statute we construed in *Tarango*, the predecessor of § 13-703(N), similarly provided that the "penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law" if the defendant's prior convictions are properly charged and admitted by the defendant or found by the trier of fact.  *Id.* at 209, 914 P.2d at 1301 (quoting former A.R.S. § 13-604(K), now § 13-703(N)).  We found this language "plain and unambiguous," *id.* at 209, 914 P.2d at 1301, and held that, "[w]hen the state seeks the enhanced penalties for repeat offenders, former A.R.S. § 13-604 [now 13-703] provides an exclusive sentencing scheme," *id.* at 209-10, 914 P.2d at 1301-02.

¶**16**      The same remains true today.  We therefore hold that, absent an express exclusion in a separate provision of our statutory sentencing scheme, the State may pursue enhanced penalties against a repetitive offender under A.R.S. § 13-703.

¶**17**      This result harmonizes provisions in our statutory scheme, comports with our case law, and supports the legislature's determination that repeat offenders should suffer harsher penalties than first-time offenders.  *See State v. Sweet*, 143 Ariz. 266, 270, 693 P.2d 921, 925 (1985) (finding that "[t]he aim of the legislature in enacting provisions for

enhanced or mandatory sentences for repeat offenders . . . is to treat more severely those who have prior felony convictions"). It leaves in place and applicable in a proper case § 13-709.03(B), which will apply to those defendants who have methamphetamine-related prior convictions.

### III.   CONCLUSION

**¶18**      For the reasons above, we vacate ¶¶ 7–14 of the court of appeals' opinion and affirm the sentence imposed on Diaz by the trial court.


_____
                         Rebecca White Berch, Chief Justice


CONCURRING:


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice


_____
Margaret H. Downie, Judge*

*Justice A. John Pelander has recused himself from this case. Pursuant to Article 6, Section 3 of the Arizona Constitution, The Honorable Margaret H. Downie, Judge of the Arizona Court of Appeals, Division One, was designated to sit in this matter.