NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAWON O. SMITH, *Appellant.*

No. 1 CA-CR 17-0090
1 CA-CR 17-0091
(Consolidated)
FILED 4-19-2018

Appeal from the Superior Court in Maricopa County
No.  CR2013-455082-001
CR2015-106122-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

¶1        Jawon O. Smith appeals the sentences imposed after he was convicted of several felonies.  For the following reasons, we affirm the convictions and resulting sentences except that we vacate and remand the sentences imposed on the child-prostitution convictions.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Smith was indicted on 13 charges: Sex trafficking of a minor, a Class 2 felony; aggravated assault, a Class 3 dangerous felony; and 11 counts of child prostitution, each a Class 2 felony.  The indictment listed the date of each of the alleged acts of child prostitution as on or between September 1, 2013 and December 18, 2014.  After a six-day trial, a jury convicted Smith of sex trafficking of a minor, disorderly conduct as a lesser-included offense of aggravated assault, and four counts of child prostitution.

¶3        At sentencing, the court found that Smith had two historical prior felony convictions – misconduct involving weapons, a Class 4 felony committed on November 15, 2013, and possession of marijuana, a Class 6 felony committed on April 6, 2009.  The court classified all six of the current convictions as non-dangerous repetitive felonies and sentenced Smith to what the court stated were the statutory minimum terms of incarceration of 14 years on the sex trafficking conviction, four years for disorderly conduct, and 21 years for each of the four counts of child prostitution.  The court ordered all the sentences to be served consecutively to each other and concurrent with the remainder of Smith's sentence on the weapons offense, for which the court revoked probation and imposed a 1.5-year sentence.

¶4        Smith timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised

Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033(A)(1) (2018).[1]

**DISCUSSION**

**A.      Smith's Sentences as a Category-Three Repetitive Offender.**

¶5          The State's original indictment, filed February 13, 2015, did not allege any prior convictions.  In March 2015, the State amended the indictment to allege that Smith's marijuana conviction was a "multiple offense not committed on the same occasion" but "not a historical prior felony."  The same day, the State also amended the indictment to allege that Smith's weapons conviction was an "historical non dangerous felony conviction[]."   At Smith's sentencing, the court found that both prior convictions were historical prior felony convictions as defined by A.R.S. § 13-105(22) (2018) and sentenced Smith as a category-three offender to 14 years' incarceration on the sex trafficking offense and 21 years for each count of child prostitution, the minimum sentences for a category-three offender; and four years on the disorderly conduct offense, one year more than the minimum for a category-three offender.  *See* A.R.S. § 13-703(J) (2018) (sentences for "category three repetitive offender").

¶6          Under § 13-703(C), "a person shall be sentenced as a category three repetitive offender if the person is at least eighteen years of age or has been tried as an adult and stands convicted of a felony and has two or more historical prior felony convictions."   The court may impose enhanced sentences under § 13-703, however, only "if an allegation of prior conviction is charged in the indictment or information and admitted or found by the court."  A.R.S. § 13-703(N).  Smith contends the superior court erred by sentencing him as a category-three offender under § 13-703(C) because the indictment alleged just one historical prior felony conviction (the weapons conviction), not two.  We review this issue for fundamental error because Smith did not object at sentencing.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005); *State v. Curry*, 187 Ariz. 623, 632 (App. 1996) (fundamental error review when defendant failed to challenge aggravating factor at sentencing).

¶7          The State does not dispute that the superior court erred by sentencing Smith as a category-three offender when the indictment alleged just one historical prior felony conviction.  It argues, however, that Smith

---

[1]      Absent material revision of a statute or rule after the date of an alleged offense, we cite the current version.

cannot prove he was prejudiced by the error because he had notice that the State would seek to use the marijuana conviction to enhance sentences imposed for his current convictions. *See Henderson*, 210 Ariz. at 567, ¶ 20 ("To prevail under [the fundamental error] standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice.").

**¶8**        Smith argues that under § 13-703(N), "a defendant must be informed prior to trial that enhancement of his sentence is possible." To be sure, "[a]s a policy matter the defendant should know the full extent of the potential punishment that he faces before trial." *State v. Rodgers*, 134 Ariz. 296, 306 (App. 1982). A defendant must be fairly forewarned of the State's intended use of prior convictions "such that the defendant is not 'misled, surprised or deceived in any way by the allegations' of prior convictions." *State v. Benak*, 199 Ariz. 333, 337-38, ¶¶ 15-18 (App. 2001) (quoting *State v. Bayliss*, 146 Ariz. 218, 219 (App. 1985)).

**¶9**        In support of its contention that Smith is not entitled to have his sentences vacated because of the error, the State cites *State v. Williams*, 144 Ariz. 433, 442 (1985), in which the superior court erroneously allowed the State to amend the indictment's allegations of prior convictions after the verdict but before sentencing. *See* A.R.S. § 13-703(N) (allowing a prior conviction to be alleged "at any time before the date the case is actually tried" and giving the court discretion to reject amendment only if the allegation is within 20 days of trial and the court finds prejudice to the defendant). The indictment in *Williams* had alleged two prior convictions for purposes of sentencing enhancement; the tardy amendment substituted a third prior conviction for one of the two originally alleged. The supreme court did not reverse the sentencing because it concluded the defendant "had timely notice of the prosecutor's intent to use prior convictions to seek enhanced punishment." 144 Ariz. at 442.

**¶10**        Here, the State alleged almost 20 months before trial that it intended to use Smith's prior marijuana conviction for enhancement purposes under § 13-703. Although that amendment characterized the conviction as not an historical prior felony, it was treated throughout Smith's case as if it was. At Smith's settlement conference – more than 15 months before his trial – the court informed Smith that the marijuana felony "count[ed]" for sentencing purposes and he therefore had "two prior felonies." The settlement judge told Smith that his two prior felonies subjected him to a presumptive sentence of 15.75 years on the sex trafficking charge and 11.25 years for the aggravated assault charge – the presumptive terms for these offenses for category-three offenders with two prior

historical felonies. *See* A.R.S. § 13-703(J). Moreover, the parties' joint pretrial statement stated that Smith had "two historical prior felony convictions" and that as a result, he faced a sentencing range for sex trafficking and aggravated assault for a person with two historical prior felony convictions.

¶11 The State argues that, like the defendant in *Williams*, Smith was on notice that the State would ask the court to sentence him pursuant to § 13-703(C). The statute allows a defendant to be sentenced as a repetitive offender "if an allegation of [a] prior conviction is charged in the indictment." A.R.S. § 13-703(N). We agree that *Williams* applies here. Both the prior convictions on which the court relied in sentencing Smith were charged in amendments to the indictment, and, as set out above, Smith understood that they could render him subject to sentencing as a category-three offender.

**B.      Application of Statutory Amendment to Smith's Child-Prostitution Sentences.**

¶12 At trial, the victim of the prostitution offenses testified but did not identify the specific dates of the offenses. Smith asserts that, as a result, there was no evidence showing whether the child prostitution offenses of which he was convicted occurred before or after an amendment to the sentencing statute took effect on July 24, 2014. He argues the court erred by classifying him as a repetitive offender under the amended version of A.R.S. § 13-3212 because the pre-amendment version of the statute allowed an enhanced sentence for repetitive offenders only upon proof of a prior offense for child prostitution. *See* A.R.S. § 13-3212(G)(2), (3) (2013) (allowing sentencing enhancement as a repetitive offender with one or more historical prior felony convictions "for a violation of this section").

¶13 It is undisputed that when he was sentenced, Smith had no prior convictions for child prostitution. Accordingly, the State confesses error, agreeing that because the dates of his child-prostitution offenses are unclear from the record, the court erred by applying the version of § 13-3212 that took effect on July 24, 2014. The State concedes that Smith must be resentenced according to the prior version of that statute. *See State v. Martinez*, 226 Ariz. 221, 224, ¶ 17 (App. 2011) (imposition of an illegal sentence is fundamental error).

¶14 Smith argues that because the court imposed minimum enhanced sentences for his child-prostitution offenses, the court must resentence him to seven years on each child-prostitution offense – the

minimum term of incarceration for a first-time child-prostitution offender under the older version of the statute. *See* A.R.S. § 13-3212(G)(1) (2013). But on remand, the superior court need not choose to impose the minimum sentence under the correct sentencing regime. *See State v. Osborn*, 220 Ariz. 174, 179, ¶ 14 (App. 2009) ("[T]he guarantee against double jeopardy [does not] restrict[] the length of a sentence imposed upon retrial after a defendant's successful appeal.") (quoting *Monge v. California*, 524 U.S. 721, 730 (1998)).

¶15　　　　Smith also contends that in resentencing him on the child-prostitution convictions, the court may not impose an enhanced sentence under A.R.S. § 13-703. He contends that "A.R.S. § 13-3212(G) is a special sentencing statute that takes precedence over the general sentencing statutes treating [] repetitive offenders addressed by the various subsections of A.R.S. § 13-703." Our supreme court has held, however, that a defendant may be sentenced under the general repetitive offender enhancement provisions in § 13-703 even if a more specific repetitive offender enhancement such as § 13-3212(G) applies. *See State v. Diaz*, 224 Ariz. 322, 324-25, ¶ 16 (2010) ("[A]bsent an express exclusion in a separate provision of our statutory sentencing scheme, the State may pursue enhanced penalties against a repetitive offender under A.R.S. § 13-703.").

¶16　　　　Smith further argues that, on remand, the court may not sentence him as a  category-three offender on the child-prostitution charges because his prior marijuana conviction had become "stale" as to those offenses and therefore did not qualify as an historical prior conviction under § 13-703(C). The State concedes that the marijuana conviction does not qualify as an historical prior conviction for purposes of sentencing Smith for the prostitution offenses because the prostitution offenses may have occurred more than five years after the marijuana offense. *See* A.R.S. § 13-105(22)(c) (2018) (defining "[h]istorical prior felony conviction" as, *inter alia*, "[a]ny class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense").

## CONCLUSION

**¶17**        For the foregoing reasons, we affirm Smith's convictions and the resulting sentences, with the exception of the sentences imposed on the four child-prostitution convictions.  We vacate those sentences and remand for resentencing consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA