IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee*,

*v.*

JACK BUCHANAN SCALPH, *Appellant*.

No. 1 CA-CR 17-0525
FILED 7-19-2018

———————————————

Appeal from the Superior Court in Maricopa County
No. CR2016-005574-001 DT
The Honorable Erin Otis, Judge

**AFFIRMED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

———————————————

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which
Presiding Judge James B. Morse Jr. and Judge Kent E. Cattani joined.

———————————————

**W I N T H R O P**, Judge:

¶1            We address in this opinion whether the trial court imposed a lawful sentence following Jack Buchanan Scalph's convictions for possession of dangerous drugs for sale, possession of marijuana for sale, possession of drug paraphernalia, and four counts of misconduct involving weapons.  Because only this issue from Scalph's appeal merits publication, we have addressed Scalph's other arguments in a separate, unpublished memorandum decision issued simultaneously with this opinion.  *See* Ariz. R. Sup. Ct. 111(h); Ariz. R. Crim. P. 31.19(f).

¶2            Scalph argues that the trial court imposed an illegal sentence on Count 1, possession of dangerous drugs for sale, because it "combined" Arizona Revised Statutes ("A.R.S.") sections 13-3407 (West 2018) and 13-703(J).[1]  Scalph argues that he should have instead been sentenced either as a repetitive offender pursuant to A.R.S. § 13-703(J) or given a "flat-time" sentence under A.R.S. § 13-3407(E).  We disagree.

¶3            Section 13-703 plainly states that early release provisions do not apply when another statute or provision of law specifies a later release or requires completion of the prison sentence before release.  Scalph was convicted of violating § 13-3407 based on his possession of methamphetamine for sale.  In this situation, § 13-3407(F) expressly requires the court to impose a calendar-year prison term.  Section 13-3407 is a statute specifically requiring the completion of a prison sentence before release; as such, the general release provisions of § 13-703 do not apply.  Accordingly, for the following reasons and those set forth in the accompanying unpublished memorandum decision, we affirm Scalph's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY[2]

¶4            Police officers searched Scalph's home pursuant to a warrant and discovered four guns.  In a hidden compartment behind a shower, police found illicit drugs, a digital scale, and plastic baggies.  The State

---

[1]      We cite the current versions of all applicable statutes as no revisions material to this opinion have occurred.

[2]      We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Scalph.  *See State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 3 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

charged Scalph with one count each of possession of dangerous drugs for sale (methamphetamine), a class 2 felony; possession of narcotic drugs for sale (heroin), a class 2 felony; possession of marijuana for sale, a class 4 felony; possession of drug paraphernalia, a class 6 felony; and eight counts of misconduct involving weapons, class 4 felonies.

¶5         The State proceeded to trial on the drug charges and the four weapons charges that were based on allegations Scalph possessed the firearms during the commission of the drug offenses.[3] *See* A.R.S. § 13-3102(A)(8). The jury could not reach a verdict regarding the heroin offense, but found Scalph guilty of the other charges. The jury also found the State sufficiently proved aggravating factors, including that Scalph was on probation for a felony conviction at the time he committed the offenses. The court subsequently found Scalph had two historical prior felony convictions. Pursuant to A.R.S. § 13-703(C) and (J), the court sentenced Scalph to presumptive concurrent prison terms as a category 3 repetitive offender, including a 15.75-year sentence on Count 1 (the methamphetamine offense), a 3.75-year sentence on Count 4 (paraphernalia), and 10-year sentences on the remaining counts. With respect to Count 1, the court ordered Scalph's prison sentence to be served day-for-day, or "flat-time," in accordance with A.R.S. § 13-3407(A)(2), (F). Scalph timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## ANALYSIS

¶6         Scalph argues that, for Count 1, the trial court erred in sentencing him as a repetitive offender and imposing a sentence without the possibility of early release (a "flat-time sentence"). According to Scalph, the court should have applied either A.R.S. § 13-703, the repeat offender sentencing statute, or A.R.S. § 13-3407, which requires a flat-time sentence for a conviction of possession of methamphetamine for sale. *See* A.R.S. §§ 13-703(J), -3407(F).

¶7         To address Scalph's argument, we must interpret the applicable statutes, an undertaking we conduct *de novo*. *State v. Neese*, 239 Ariz. 84, 86, ¶ 8 (App. 2016). When interpreting a statute, our goal is to give

_____

[3]        Four weapons charges that were based on Scalph's status as a prohibited possessor were severed prior to trial. After the jury convicted Scalph, the State dismissed those other four weapons charges. *See* A.R.S. § 13-3102(A)(4).

effect to the legislature's intent. *State v. Peek*, 219 Ariz. 182, 184, ¶ 11 (2008). We look first to the language of the statute because it is the best indication of the legislature's intent. *Id.* If "the language is clear and unequivocal, it is determinative of the statute's construction." *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007) (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 8 (2007)).

¶8 The legislature has mandated flat-time prison sentences for convictions of possession of methamphetamine for sale:

> A person who is convicted of [possession of dangerous drugs for sale] involving methamphetamine is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis until the person has served the sentence imposed by the court, the person is eligible for release pursuant to § 41-1604.07 or the sentence is commuted.

A.R.S. § 13-3407(F). Generally, a person convicted of a Class 2 through a Class 6 felony is subject to an enhanced sentence as a repetitive offender under A.R.S. § 13-703 if the court finds the person has at least one historical prior felony conviction.

¶9 In 1996, our supreme court construed A.R.S. § 13-703's predecessor statute, A.R.S. § 13-604, as providing "an exclusive sentencing scheme" for the repetitive-offender defendant convicted of possession of narcotic drugs for sale and sale of narcotic drugs. *State v. Tarango*, 185 Ariz. 208 (1996); *see* 2008 Ariz. Sess. Laws, ch. 301, §§ 15, 27 (2nd Reg. Sess.) (replacing § 13-604 with § 13-703). Although the substantive statute required flat-time sentences—as does the one here—the Court found the following language in the repetitive offender statute dispositive:

> The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous convictions . . . [are] charged in the indictment or information and admitted or found by the trier of fact.

*Tarango*, 185 Ariz. at 209. Accordingly, because the State sought an enhanced sentence under the repetitive offender statute, the *Tarango* court reasoned that the release provisions in the substantive statute did not apply; therefore, it determined the defendant was eligible for early release. *Id.* at 209, 212.

¶10        The following year, the legislature amended what is currently A.R.S. § 13-703(N) by inserting immediately after the language cited in *Tarango*, the following:

> The release provisions prescribed by this section shall not be substituted for any penalties required by the substantive offense or a provision of law that specifies a later release or completion of the sentence imposed before release.

1997 Ariz. Sess. Laws, ch. 34, § 1 (1st Reg. Sess.).   The legislature also expressly stated its intent to overrule *Tarango*.  1997 Ariz. Sess. Laws, ch. 34, § 3 (1st Reg. Sess.); *see* "Summary of Legislative Action," 43rd Legislature, 142 (describing language added to statute as "[a]n emergency measure overruling the 1996 Arizona Supreme Court decision of *State v. Tarango* by allowing for enhanced flat-time prison sentences").

¶11        The language added by the legislature after *Tarango* plainly prohibits a court from applying the early release provisions in A.R.S. § 13-703 when sentencing a repetitive offender for a substantive offense that specifies a later release or flat-time sentence.  Because the jury convicted Scalph of possession of methamphetamine for sale, A.R.S. § 13-3407(F) required the court impose a flat-time sentence.  Additionally, because Scalph is a repetitive offender, the court did not err in also imposing an enhanced sentence under A.R.S. § 13-703.

¶12        Scalph argues that when the court imposed the sentence for Count 1, the judge improperly considered a memorandum decision issued by this Court, *State v. Ochoa*, 2 CA-CR 15-0190, 2016 WL 1601588 (Ariz. App. Apr. 20, 2016) (mem. decision).  Scalph argues the court should not have considered *Ochoa* because *State v. Diaz*, 224 Ariz. 322 (2010), adequately addressed the sentencing issue.  *See* Ariz. R. Sup. Ct. 111(c)(1)(C) (permitting citation to memorandum decisions "for persuasive value, but only if it was issued on or after January 1, 2015; no opinion adequately addresses the issue before the court; and the citation is not to a depublished opinion or a depublished portion of an opinion").

¶13        In *Ochoa*, this Court addressed the identical sentencing issue presented in this case, and, reasoning as we have here, came to the same result.  *Ochoa*, 2 CA-CR 15-0190, at *5-6, ¶¶ 20-23.  *Diaz*, on the other hand, did not address whether a trial court may impose a flat-time condition to a sentence enhanced under A.R.S. § 13-703.  *Diaz* construed what is now A.R.S. § 13-3407(E) and § 13-703 and concluded that the trial court could properly enhance a sentence for a methamphetamine offense under A.R.S.

§ 13-703 when the prior convictions were not methamphetamine related. 224 Ariz. at 324, ¶¶ 11-13; *compare* A.R.S. § 13-709.03 (2010) to § 13-3407(E). Because *Ochoa* was a memorandum decision issued after January 1, 2015, and no Arizona published opinion squarely addressed the sentencing issue faced by the trial court, the court's consideration of *Ochoa* for its persuasive value was not improper. Ariz. R. Sup. Ct. 111(c)(1)(C).

## CONCLUSION

¶14 For the foregoing reasons and those addressed in the accompanying unpublished memorandum decision, we affirm Scalph's convictions and sentences.

